### Meredith v. Commonwealth.

(Decided Oct. 2, 1936.)

J. M. CAMPBELL for appellant.

B. M. VINCENT, Attorney General, and J. J. LEARY, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY DRURY, COMMISSIONER—Affirming.

Hollie Meredith has appealed from a judgment sen-

tencing him to one year in the penitentiary for seducing Ola Bell under promise of marriage.

This crime was committed in the spring of 1934. The appellant was then 22 years of age, his victim just 14, and as a result of their relations the birth of a child on April 5, 1935, thrust upon her while she was less than 15 years old that most unenviable social status of being neither wife or widow, maid or matron.

This girl testifies the appellant began to visit her along in March, 1934, and after that they agreed to marry and were going to marry that fall; that she believed he was going to marry her; that after their betrothment, and in April, 1934, the appellant wanted to have sexual intercourse with her, and she, because of their betrothment, permitted him to do so, and he had such with her upon a davenport in her father's home in Grayson county, Ky.; that she has never had intercourse with any other man; that she would not have permitted this but for his previous promise to marry her; that they repeated this act on three other occasions at the same place, the last occasion being in July, 1934; and that he never did marry her. A gruelling cross-examination of 26 pages did not weaken her testimony.

The appellant admits having had sexual intercourse with this girl twice, once upon this davenport and once elsewhere, but he says he obtained this favor without making her any promise of anything. He married another woman on November 9, 1934. Theirs is the only testimony about the principal elements of this crime. The jury believed her account of it and rejected his. It was for the jury to find which was true, and its verdict must stand if there be no merit in the grounds urged for reversal.

### Demurrer to the Indictment.

The indictment follows the terms of the statute and charges the offense was committed within four years prior to its return.

The defendant demurred to it because (a) it did not aver the victim was then, and for a reasonable time prior thereto had been, chaste and virtuous, and (b) because it was not averred that this seduction was accompanied and accomplished by a promise of marriage made at the time.

Ground (a) is without merit. All women are presumed to be chaste and virtuous, Wolfe v. Com., 229 Ky. 385, 17 S. W. (2d) 219, 64 A. L. R. 263, and such presumptions need not be stated in an indictment. Section 130, Ky. Criminal Code of Practice. If a prosecuting witness be not chaste and virtuous previous to her acts with the accused, that is a matter for him to establish by proof if he can.

Ground (b) is equally without merit. The appellant relies on the opinion in Jordan v. Com., 180 Ky. 379, 202 S. W. 896, 1 A. L. R. 617, and in that opinion we did twice use the expression "made at the time," but he should have read the whole opinion and, if he had, he would have seen the prosecuting witness testified she was induced to yield by previous promises by Jordan to marry her, and in that opinion the court said:

> "We may, therefore, say that, looking to the evidence alone, there was sufficient to sustain the finding of the jury that the act of intercourse was committed under a promise to marry on the part of Jordan, and unless during the progress of the trial errors, prejudicial to the substantial rights of Jordan, were committed by the trial court, the judgment should be affirmed."

We reversed that judgment, but for another reason.

Appellant also relies on Garrison v. Com., 243 Ky. 253, 47 S. W. (2d) 1028, 1029, where we used the expression "made by the man at the time." We were criticizing that indictment for using the expression "while under the promise of marriage," but we said in that opinion: "Whether we would reverse for this defect alone, we need not decide, as the indictment is insufficient on another ground." Also in that opinion we said: "The word 'under' in the statute [Ky. Stats. sec. 1214] is not used in the sense of 'during the existence of,' but has the meaning of 'by' or 'by reason of' or 'by means of.' " In that case we had before us the very question appellant is presenting here. The engagement there took place in December, 1929, and the seduction in January, 1930, yet that judgment was not reversed for that reason. We had this same question in Duggins v. Com., 217 Ky. 688, 290 S. W. 514, and it was there decided adversely to appellant's contention. The instructions in this case indicate the trial court was familiar

with the Duggins Case. The Duggins Case dealt with a previous promise. A later case, Mackey v. Com., 255 Ky. 466, 74 S. W. (2d) 915, dealt with a contemporaneous promise. Since both judgments were affirmed, the law is now settled that the statute is violated whenever a man seduces a woman less than 21 years of age under (meaning by means of or because of) a promise of marriage then made or existing upon which she relies and because of which she yields. ''The gist of the offense of seduction is the promise of marriage and the yielding in consequence thereof.'' Gossage v. Com., 256 Ky. 532, 76 S. W. (2d) 596.

### The Motion for Continuance.

Appellant procured a continuance of this prosecution in April, 1935, and in August, 1935, because of the absence of certain witnesses, and when this cause was called for trial in January, 1936, he sought, but was denied, a further continuance because of the absence of two of these same witnesses and of two others and also because of the illness of his wife.

The illness of wife did not prevent his attendance at the trial, so he was not hurt by that.

The appellant read to the jury the evidence of two of these absent witnesses as set out in his affidavit; as to one he had not shown proper diligence and why he did not read the other does not appear; hence we find no error in this.

### The Leading Questions.

Many leading questions were asked the prosecuting witness by the attorney for the commonwealth; the defendant's objections were overruled and he excepted. He now asserts this was erroneous. Leading questions are not to be commended, but the permission of them is within the discretion of the trial court, and judgments will not be reversed for this unless the court has abused his discretion and a shocking miscarriage of justice has resulted. Wise v. Foote, 81 Ky. 10; Hall & Little v. Com., 196 Ky. 167, 244 S. W. 425; Blankenship v. Com., 234 Ky. 531, 28 S. W. (2d) 774; Sexton v. Com., 236 Ky. 354, 33 S. W. (2d) 28. The prosecuting witness was practically a child. She was terrified and embarrassed, as is evidenced by her crying while testifying as the record discloses at five places. The questions dealt with

immodest and most delicate matters, and under such circumstances leading questions are often permitted. See 70 C. J. pp. 530, 531, etc., secs. 689 and 690.

## When Did Betrothment Occur.

None of the dates in this record are very definitely fixed. The appellant fixes the date of their first intercourse at about the 1st of May. His victim fixes it at some time in April.

She testified their betrothment had previously taken place. At one place she was asked when this agreement to get married was made, and she answered: "In April or June." At five other places in her subsequent testimony she states their agreement to marry was made before any act of intercourse occurred.

The appellant in his reply brief as well as in his original brief seizes on this answer, "In April or June," and strenuously argues this conclusively shows the marriage agreement was made after the intercourse occurred. All this was a question for the jury and was doubtlessly ably argued before them. This does not present such a state of fact as to require the court to direct the acquittal of the accused.

## Instructions.

This is the first instruction:

"If the jury believe from the evidence in this case to the exclusion of a reasonable doubt, that the defendant, Hollie Meredith, in this County and within four years next before the finding of the indictment herein, did unlawfully and feloniously, under and by reason of promise of marriage [if such promise there was] seduce and have carnal knowledge of said Ola Bell at her home in April, 1934, and that she was then and there a female under twenty-one years of age, and that the defendant failed and refused to marry her, then you should find the defendant guilty as charged in the indictment and fix his punishment at confinement in the penitentiary for a period of not less than one year nor more than five years in your reasonable discretion."

The appellant complains of the use of the expression, "in April, 1934." The court might have omitted that as well as the words, "At her home," but the use

of these expressions confined the jury to a definite time and place and in no way prejudiced the appellant. The appellant says the court erred by not defining seduction. In Berry v. Com., 149 Ky. 398, 149 S. W. 824, we said that should be done and prepared an instruction for that purpose.

Instruction No. 2 in this case follows the instruction in Duggins v. Com., 217 Ky. 688, 290 S. W. 514, with the word "solely" omitted as was there approved. This was sufficient definition.

### Argument.

Appellant complains of alleged misconduct in the argument, but said misconduct is not embodied in the bill of exceptions; hence we cannot consider it.

The judgment is affirmed.