Louise **FLATT** and Charles Richards, Appellants,

v.

**COMMONWEALTH** of Kentucky, Appellee.

Court of Appeals of Kentucky.

June 25, 1971.

William R. Harris, Bell, Orr, Ayers & Moore, Bowling Green, for appellants.

John B. Breckinridge, Atty. Gen., Curtis L. Wilson, Asst. Atty. Gen., Frankfort, for appellee.

VANCE, Commissioner.

The appellants, Louise Flatt and Charles Richards, were convicted on two counts of

dwelling-house breaking and one count of possession of burglary tools. KRS 433.180 and 433.120. On this appeal they contend they were denied their constitutional right to be confronted by a witness.

Appellant, Louise Flatt, was a maid at a Ramada Inn Motel in Bowling Green, Kentucky. She and her companion, the appellant, Charles Richards, returned to the motel one night after her work shift was over for the ostensible purpose of visiting guests of the motel who had invited her to visit with them after work. She testified that she was uncertain as to which room these people occupied. She entered two separate rooms of the motel and upon seeing them occupied, hastily withdrew. The evidence was conflicting as to whether she knocked before entering, and as to whether the doors were locked.

Some personal property was stolen from a room adjoining one of the rooms which the appellant, Louise Flatt, entered.

Both appellants were apprehended outside of one of the rooms she entered and Louise Flatt was observed to throw something out of the door.

Prosecution witnesses testified that a motel employee, Betty Watkins, picked up a key from the ground just outside the doorway and handed over a key and key ring to a police officer who had come to investigate the crime, and that she then proceeded to ask appellants where they got the key and to accuse them of breaking into the rooms. Betty Watkins had been subpoenaed as a witness for the Commonwealth but the sheriff was unable to locate her and the subpoena was not served. She did not testify at the trial.

The single issue raised on this appeal is whether the appellants were denied their constitutional right to confront and to cross-examine Betty Watkins by reason of her failure to appear as a witness at the trial. We limit our review to this question.

The appellants' brief seems to indicate a belief on their part that the motives of Betty Watkins were suspect and that a searching cross-examination of her would have materially affected the outcome of the case.

We acknowledge that the right of an accused to be confronted by the witnesses against him is guaranteed by the Sixth Amendment to the Constitution of the United States and by Section 11 of the Kentucky Constitution. An obvious purpose of these constitutional provisions is to secure to the accused a right of cross-examination.

■ The cases cited by appellants sustained this principle but otherwise are not in point because neither the state nor the federal constitution guarantees a right of confrontation with accusers. The right of confrontation is limited to witnesses and one who would be a witness in a criminal case must confront the accused. He cannot give testimony by affidavit. Nothing in the constitution however, requires the Commonwealth to produce at the trial all witnesses, or any particular witness, to a crime.

We have previously considered this question in Harris v. Commonwealth, Ky., 315 S.W.2d 630 (1958). Therein we said:

"In connection with the first contention, it is argued that since Dearing was not produced at the trial by the commonwealth, appellant was denied the right granted under Amendment VI to the Constitution of the United States and Section XI of the Constitution of Kentucky to meet his accusers face to face in a criminal trial. At the outset we invite attention to the fact that these provisions of neither constitution speak of accusers. The federal constitution grants the right to the accused 'to be confronted with the witnesses against him,' and the state constitution guarantees to him the privilege to 'meet the witnesses face to face.' The main purpose of confrontation is to insure the

right of cross-examination and protect the accused from conviction by means of ex parte testimony of affidavits given in his absence. 14 Am.Jur. Criminal Law, Section 176. It is a rule concerned with the method by which evidence is produced during trial. In Aycock v. United States, 9 Cir., 62 F.2d 612, 613, certiorari denied 289 U.S. 734, 53 S.Ct. 595, 77 L. Ed. 1482, it is written:

> " 'The constitutional right of the defendants to be confronted by the witnesses in the trial of a criminal case imposes no obligation on the government to call any specific persons as witnesses.' "

In this case the accused was confronted by all persons who were witnesses at the trial. That the Commonwealth failed to call a particular person to give evidence in the case is not a ground for reversal of the judgment.

The judgment is affirmed.

All concur.