22678

The STATE, Respondent v. Gary COOPER, Appellant.

(353 S. E. (2d) 451)

Supreme Court

*Asst. Appellate Defender Stephen P. Williams* of *S. C. Office of Appellate Defense*, Columbia, *for appellant.*

*Atty. Gen. T. Travis Medlock, Asst. Attys. Gen. Harold M. Coombs, Jr.,* and *Amie L. Clifford*, Columbia, and *Sol. James O. Dunn*, Conway, *for respondent.*

Heard Dec. 9, 1986.

Decided Feb. 16, 1987.

CHANDLER, Judge:

Appellant Gary Franklin Cooper (Cooper) was convicted of criminal sexual conduct in the first degree with a minor and sentenced to 30 years imprisonment. The Circuit Court, pursuant to S. C. Code Ann. § 16-3-1530(G) (1985), permitted the testimony of the three-year-old victim to be videotaped outside the presence of Cooper and the jury.

We affirm.

## FACTS

The State made a pre-trial motion to allow the testimony of the victim to be videotaped. The motion was made pur-

suant to § 16-3-1530(G), part of the so-called "Victim's and Witness's Bill of Rights," Act No. 418, 1984 S. C. Acts 1842:

> VICTIMS AND WITNESSES WHO ARE VERY YOUNG, ELDERLY, WHO ARE HANDICAPPED OR WHO HAVE SPECIAL NEEDS, HAVE A RIGHT TO SPECIAL RECOGNITION AND ATTENTION BY ALL CRIMINAL JUSTICE, MEDICAL, AND SOCIAL SERVICE AGENCIES
>
> The court shall treat "special" witnesses sensitively, using closed or taped sessions when appropriate. The solicitor or defense shall notify the court when a victim or witness deserves special consideration.

Before ruling on the motion, the trial judge talked with the victim and her mother in chambers. The mother stated the child was afraid of Cooper and a videotaped session would protect her from further emotional trauma. The child also expressed her fear of Cooper to the judge.

Present at the taping session were the trial judge, court reporter, solicitor, defense counsel, victim and her mother. The video camera and its operator were placed behind a one-way mirror. Cooper, from a nearby room, was able to view the proceedings live over a closed-circuit television monitor. He was afforded constant contact with defense counsel through a set of headphones. He was provided a second attorney who remained in the room with him.

Upon recommendation of the solicitor, the court ruled the videotape would be played as the State's first evidence at trial. Cooper objected to its admission on the ground the procedure violated his right to confront the witnesses against him. The objection was overruled, and the videotape was played before the jury.

## ISSUE

In a criminal trial, does videotaping a witness's testimony outside the presence of the defendant violate the right of confrontation?

## VIDEOTAPED TESTIMONY

Cooper contends the procedure employed in videotaping the victim's testimony outside his presence violated his right

of confrontation because he was denied eye-to-eye contact with the witness. We disagree.

The Sixth Amendment of the United States Constitution provides that "[i]n all criminal prosecutions, the accused shall enjoy the right ... to be confronted with the witnesses against him ..." Similarly, S. C. Const. art. I, § 14, guarantees the criminal defendant this right. In addition, S. C. Code Ann. § 17-23-60 (1985) provides:

> Every person shall, at his trial, be allowed to be heard by counsel, may defend himself and shall have a right to produce witnesses and proofs in his favor and to meet the witnesses produced against him *face to face.* [Emphasis supplied].

The Confrontation Clause "(1) insures that the witness will give his statements under oath — thus impressing him with the seriousness of the matter and guarding against the lie by the possibility of a penalty for perjury; (2) forces the witness to submit to cross-examination, the 'greatest legal engine ever invented for the discovery of truth'; (3) permits the jury that is to decide the defendant's fate to observe the demeanor of the witness making his statement, thus aiding the jury in assessing his credibility." *Lee v. Illinois,* 476 U. S. ———, ———, 106 S. Ct. 2056, 2062, 90 L. Ed. (2d) 514, 526 (1986), quoting *California v. Green,* 399 U. S. 149, 158, 90 S. Ct. 1930, 1935, 26 L. Ed. (2d) 489, 497 (1970).

"The main and essential purpose of confrontation is to secure for the opponent the opportunity of cross-examination. The opponent demands confrontation, not for the idle purpose of gazing upon the witness, or of being gazed upon by him, but for the purpose of cross-examination, which cannot be had except by the direct and personal putting of questions and obtaining immediate answers." *Davis v. Alaska,* 415 U. S. 308, 315-316, 94 S. Ct. 1105, 1110, 39 L. Ed. (2d) 347, 353 (1974) [emphasis omitted], quoting 5 J. Wigmore, *Evidence* § 1395, at 123 (3rd ed. 1970). *See also Douglas v. Alabama,* 380 U. S. 415, 85 S. Ct. 1074, 13 L. Ed. (2d) 934 (1965).

A secondary advantage to be obtained from the personal appearance is that "the *judge* and the *jury* are enabled to obtain the elusive and incommunicable evidence of a *wit-*

*ness' deportment while testifying,* and a certain subjective moral effect is produced upon the witness ... This secondary advantage, however, does not arise from the confrontation of the *opponent* and the witness; it is not the consequence of those two being brought face to face. It is the witness' presence before the *tribunal* that secures this secondary advantage — which might equally be obtained whether the opponent was or was not allowed to cross-examine. In other words, this secondary advantage is a result accidentally associated with the process of confrontation, whose original and fundamental object is the opponent's cross-examination." [emphasis in original]. 5 J. Wigmore, *Evidence* § 1395, at 153-54 (Chadbourn revision 1974).

The United States Supreme Court has held that the Sixth Amendment, while reflecting a preference for a face-to-face confrontation at trial, is not absolute in this requirement. Several exceptions have been recognized. For example, the Confrontation Clause does not preclude the use of hearsay evidence in criminal trials where the evidence bears significant "indicia of reliability." *Lee v. Illinois, supra. See also United States v. Inadi,* 475 U. S. _____ , 106 S. Ct. 1121, 89 L. Ed. (2d) 390 (1986); *Ohio v. Roberts,* 448 U. S. 56, 100 S. Ct. 2531, 65 L. Ed. (2d) 597 (1980); *Mattox v. United States,* 156 U. S. 237, 15 S. Ct. 337, 39 L. Ed. 409 (1895).

Similarly, this Court has held the United States and South Carolina Constitutions guarantee the right of a criminal defendant to confront the witnesses against him through cross-examination. *State v. Smith,* 230 S. C. 164, 94 S. E. (2d) 886 (1956); *State v. Davis,* 267 S. C. 283, 227 S. E. (2d) 662 (1976). This right is not absolute, however, and several exceptions have been recognized. *See State v. Bethea,* 241 S. C. 16, 126 S. E. (2d) 846 (1962) [admission of dying declaration]; *State v. Steadman,* 216 S. C. 579, 59 S. E. (2d) 168 (1950) [testimony from prior trial admissible if witness unavailable]; *State v. Pearson,* 223 S. C. 377, 76 S. E. (2d) 151 (1953) [report of magistrate admissible to show prior conviction]; *State v. Thompson,* 279 S. C. 405, 308 S. E. (2d) 364 (1983) [admission of interlocking confession of nontestifying codefendant.]

We do not interpret the "face to face" language of § 17-23-60, quoted above, to prohibit the procedure employed

in this case. Section 11 of the Kentucky Constitution also provides that an accused has a right to meet witnesses "face to face." In *Commw. v. Willis*, 716 S.W. (2d) 224 (Ky. 1986), the defendant contended this provision should be construed more stringently than the United States Constitution so as to prevent testimony of a child victim from being videotaped outside the defendant's presence pursuant to Ky. Rev. Stat. § 421.-350(4) (1986). The Supreme Court of Kentucky disagreed, reasoning that despite the language difference between the Kentucky and United States Constitutions, construction of the Sixth Amendment by federal courts has consistently incorporated a "face to face" preference. *See Snyder v. Massachusetts*, 291 U. S. 97, 102, 54 S. Ct. 330, 331, 78 L. Ed. 674 (1933); *Ohio v. Roberts, supra.* The Court held the statutory procedure "does not infringe on the right of confrontation, and a proper balancing of the competing interests of society in general and the accused require that the statute be upheld." 716 S.W. (2d) at 229. *See also People v. Johnson*, 146 Ill. App. (3d) 640, 100 Ill. Dec. 330, 497 N.E. (2d) 308 (1986) ["face to face" language in Confrontation Clause of Ill. Const. 1970, art. I, § 8, protects same interests as federal constitution; videotaping of victim's testimony outside defendant's presence upheld].

This Court commented in *State v. Smith, supra,* that ■ § 17-23-60 is a restatement of an accused's constitutional rights. Here, we hold it does not enlarge them. The "face to face" provision does not require, in all cases, a direct physical confrontation between defendant and witness. When a balancing of competing interests demands it, the "face to face" requirement may be served by the appearance of the witness before counsel for cross-examination outside the defendant's presence.

Our society now recognizes that crimes against children, such as sexual abuse, occur with alarming frequency. The need to protect young victims of such crimes from the trauma of in-court testimony is reflected in the General Assembly's enactment of § 16-3-1530(G). Indeed, this is a nationwide concern. A majority of states have adopted statutes giving young crime victims special consideration. Several states permit the testimony of young victims to be videotaped outside the defendant's presence in lieu of in-

court testimony. *See, e.g.,* Alaska Stat. § 12.45.047 (1982); Ark. Stat. Ann. § 43-2036 (1985); Ariz. Rev. Stat. Ann. § 13-4253(B) (1986); Cal. Penal Code § 1346 (West 1986); Colo. Rev. Stat. § 18-3-413 (1986); Fla. Stat. § 90.90 (1984); Ky. Rev. Stat. § 421.350(4) (1986); La. Rev. Stat. Ann. tit. 15, § 440.2 *et seq.* (West 1986); Me. Rev. Stat. Ann. tit. 15 § 1205 (1986); Mass. Gen. Laws Ann. ch. 278, § 16 D (West 1986); Mont. Code Ann. § 46-15-401 *et seq.* (1985); N. M. Stat. Ann. § 30-9-17 (1984); Okla. Stat. Ann. tit. 22, § 753(C) (West 1987); S. D. Codified Laws Ann. § 23A-12-9 (1986); Tex. Crim. Proc. Code Ann. art. 38.071 § 4 (Vernon 1986); Wis. Stat. Ann. §§ 967.04(7)-(10) (West 1986).

Other statutes, solely or as an alternative, permit the taking of testimony over closed-circuit television for "live," simultaneous presentation to the jury. *See, e.g.,* Ariz. Rev. Stat. Ann. § 13-4253(A) (1986); Cal. Penal Code § 1347 (West 1986); Ga. Code Ann. § 17-8-55 (1986); Ky. Rev. Stat. § 421.350(3) (1984); La. Rev. Stat. Ann. tit. 15, § 283 (1986); Mass. Gen. Laws Ann. ch. 278, § 16 D (West 1986); N. Y. Crim. Proc. Law § 65.10, *et seq.* (McKinney 1987); Okla. Stat. Ann. tit. 22, § 753(B) (West 1987); Tex. Crim. Proc. Code Ann. art. 38.071 § 3 (Vernon 1986).[1]

Appellate courts of other states generally have upheld these procedures. *See, e.g., State v. Vigil,* 103 N. M. 583, 711 P. (2d) 28 (1985); *People v. Johnson, supra; State v. Sheppard,* 197 N. J. Super. 411, 484 A. (2d) 1330 (1984); *State v. Melendez,* 135 Ariz. 390, 661 P. (2d) 654 (1982); *Commw. v. Willis, supra; State v. Warford,* 223 Neb. 368, 389 N. W. (2d) 575 (1986); *McGuire v. State,* 288 Ark. 388, 706 S. W. (2d) 360 (1986); *Jolly v. Texas,* 681 S. W. (2d) 689 (Tex. Ct. App. 1984), *writ dismissed. See also State v. Hewett,* 86 Wash. (2d) 487, 545 P. (2d) 1201 (1976). *Cf. Commw. v. Ludwig,* No. 02883 (Pa. Super. Ct. Oct. 30, 1986) [holding that face-to-face confronta-

---

[1] Yet another recognized means of protecting young witnesses is the exclusion of spectators from the courtroom during the child's in-court testimony. *See, e.g.,* Alaska Stat. § 12.45.048 (1982); 1973 Ariz. Rules of Criminal Procedure, Rule 9.3; Cal. Penal Code § 868.7 (1985); Ill. Ann. Stat. ch. 38, § 115-11 (Smith-Hurd 1986); Mass. Gen. Laws Ann. ch. 278, §§ 16A and 16C (West 1986); Minn. Stat. Ann. § 631.045 (West 1987); N.C. Gen. Stat. § 15-166 (1983); S.D. Codified Laws Ann. § 23A-24-6 (1986).

tion of defendant and witness is required by Confrontation Clause].[2]

Especially appropriate and applicable to the facts and circumstances of this case is *Sheppard, supra.* Therein, the Court rejected the contention that the Confrontation Clause requires in every case eye-to-eye contact between the defendant and a witness concluding:

> The Confrontation Clause is not implacable in its demands. Nearly every authority agrees that it is subject to exceptions. In reaching the conclusion, as this court has, that the use of videotaped testimony in this case of child abuse is permissible, it is accepted as a fact that only a modest erosion of the clause, if any, will take place. The child, through the use of video, will not be obliged to see the defendant or to be exposed to the usual courtroom atmosphere. Nevertheless, the defendant as well as the judge, the jury, and the spectators, will see and hear her clearly. Adequate opportunity for cross-examination will be provided. *This is enough to satisfy the demands of the confrontation clause.* If it is not, it represents a deserved exception. It is more than Wigmore would require. Everything but "eyeball-to-eyeball" confrontation will be provided. No case has held eye contact to be a requirement. It is not demanded when a witness "confronts" a defendant in the courtroom. No court rule requires eye contact and courtroom distances sometimes make such contact impossible. [Emphasis applied].

484 A. (2d) at 1342-43.

---

[2] Reviewing a closely related issue, the Court in *Stincer v. Commw.*, 712 S.W. (2d) 939 (Ky. 1986) held that a criminal defendant has an absolute right to be present at a hearing to determine the competency of child witnesses. The Commonwealth of Kentucky sought a writ of certiorari and a stay from the United States Supreme Court. Justice Scalia, sitting as Circuit Justice, denied the application for a stay. *Kentucky v. Stincer*, 479 U. S. _____, 107 S. Ct. 7, 93 L. Ed. (2d) 235 (1986). However, the in-chambers opinion reasons there is a "fair prospect" a majority of the United States Supreme Court would find erroneous the conclusion of the Kentucky Supreme Court that the Sixth Amendment gives an accused child-molester the right to be present at such a hearing. The Court ultimately granted certiorari, _____ U. S. _____, 107 S. Ct. 642, 93 L. Ed. (2d) 699, and the issue remains unresolved at this time.

We hold the use of videotaped testimony did not violate Cooper's right of confrontation. His counsel was permitted to cross-examine without limitation. Cooper was enabled to view the proceedings and assist counsel in the cross-examination. The presence of the trial judge created a courtroom atmosphere. Moreover, the procedure did not lessen the reliability of the victim's testimony. The jury, through the videotape, was able to observe the victim's appearance and demeanor throughout her testimony.

The discretion afforded the trial judge pursuant to § 16-3-1530(G) allows the utilization of modern technology so as to enhance the truth-determining quality which marks a fair trial. While live testimony is always preferred [*See Ohio v. Roberts, supra*], other techniques may be used when, in the exercise of a sound discretion, the trial judge deems them appropriate and adequate.

Cooper's remaining exception is without merit, and we affirm pursuant to Supreme Court Rule 23.

Affirmed.

NESS, C. J., and GREGORY and FINNEY, JJ., concur.

HARWELL, J., not participating.