**James Arthur DANNER, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

**No. 96–SC–1136–MR.**

Supreme Court of Kentucky.

Feb. 19, 1998.

Michael J. Curtis, Ashland, for Appellant.

A.B. Chandler III, Attorney General, Dina Abby Jones, Assistant Attorney General, Frankfort, for Appellee.

LAMBERT, Justice.

Appellant, James Arthur Danner, was convicted in the Boyd Circuit Court of two counts of sodomy in the first degree, and one count of rape in the first degree. He was sentenced to twenty-four years imprisonment on each count to run concurrently for a total of twenty-four years imprisonment. He appeals as a matter of right.

The victim of appellant's sex crimes was his daughter. She was between the ages of five and ten years old when appellant sexually abused her, but she was fifteen by the time appellant was brought to trial. Because the Commonwealth felt that the victim could not testify in the presence of appellant, it sought to have her testimony taken outside appellant's presence pursuant to KRS 421.350. The Commonwealth moved for an *in camera* interview with the victim so that the court could determine whether there was "compelling need" for the victim to testify through closed circuit television or taped video recording pursuant to that statute. Appellant objected, arguing that the fifteen year old victim was too old under the statute to be allowed to testify outside the courtroom, and even if not, that the Commonwealth had failed to establish the required compelling need for her testimony to be taken in that manner.

The trial court granted the Commonwealth's motion and interviewed the victim *in camera*. After the interview, the trial court determined that compelling need was shown and allowed the victim to testify through closed circuit television.

## I. THE AGE PROVISION OF THE STATUTE

The first issue is whether the age provisions of KRS 421.350 refer to the age of the victim when the crime was committed or when the testimony is given. *See generally, Commonwealth v. Willis*, Ky., 716 S.W.2d 224 (1986). KRS 421.350(1) defines the class of persons allowed to testify outside the presence of the accused:

421.350 Testimony of child allegedly victim of illegal sexual activity

(1) This section applies only to a proceeding in the prosecution of an offense, including but not limited to an offense under KRS 510.040 to 510.150, 529.030 to 529.050, 529.070, 530.020, 530.060, 530.064, 531.310. 531.320, 531.370, and all dependency proceedings pursuant to KRS Chapter 620, when the act is alleged to have been committed against a child twelve (12) years of age or younger, and applies to the statements or testimony of that child or another child who is twelve(12) years of age or younger who witnesses one of the offenses included in this subsection.

The Commonwealth and appellant disagree on when the age determination is to be made. The Commonwealth focuses on the age of the victim at the time the crime was committed, and contends that since the victim in this case was under twelve when the crimes were committed against her, she should be allowed benefit of the statute. Appellant focuses on the age of the victim at the time of the trial, and counters that a victim who is older than twelve at the time of trial can not so testify.

As applied to the facts of this case, the statute must be regarded as ambiguous. One portion clearly refers to the age of the victim when the act is committed, but another portion refers to the age of the victim when the testimony is given. The statute assumes the age will be the same, but in fact, it often will not. Despite the ambiguity as here applied, we believe legislative intent is to protect child victims twelve and under when the crimes were committed against them and who remain children[1] at the time of trial. The statute does not preclude this interpretation and its language focuses on the age of the child when the crime was committed: "[t]his section applies ... when the act is alleged to have been committed against a child twelve years of age or younger ..." KRS 421.350(1). To hold otherwise would permit the untoward result of disallow-ing the protections of the statute to a child who was twelve when the sex crimes were committed, but who had turned thirteen before the trial of the accused. Such a result would be contrary to the broad protective purpose underlying the statute.[2]

## II. THE TRIAL COURT'S FINDING OF COMPELLING NEED

■ The trial court's inquiry does not end with an age determination. Rather, the court must also find compelling need for such procedures, as required by KRS 421.350(2),(3) before the child victim will be allowed to testify as per the statute. This Court has enumerated certain factors a trial court should consider in making a compelling need determination: "the trial court must have wide discretion to consider the age and demeanor of the child witness, the nature of the offense and the likely impact of testimony in court or facing the defendant." *Commonwealth v. Willis*, Ky., 716 S.W.2d 224, 230 (1986) (emphasis added). Other factors a trial court should consider when making a compelling need determination, especially in a case where the child is older than twelve, are the age of the victim, and the time which has elapsed from the crime to the date of trial.

■ The trial court has broad discretion in this area. The "presentation of evidence" is within the sound discretion of the trial judge, and will not be disturbed absent abuse of discretion. *Moore v. Commonwealth*, Ky., 771 S.W.2d 34, 38 (1989), *cert den., Moore v. Kentucky*, 494 U.S. 1060, 110 S.Ct. 1536, 108 L.Ed.2d 774 (1990). Abuse of discretion could be found where a child was allowed to testify outside the presence of the accused provided "the prosecution [was] unable to show any necessity for the use of the statute." *Willis, supra* at 229–230.

■ In the case at bar, the trial court interviewed the child victim in camera, and

---

1. Although "child" is not defined for the purposes of KRS Chapter 421, "child" has been defined in other KRS sections as a person who has not yet reached her eighteenth birthday. KRS 15.900, KRS 199.011, and KRS 600.020.

2. This statute is in line with the special treatment Kentucky courts have long afforded child witnesses. *See Meredith v. Commonwealth*, 265 Ky. 380, 96 S.W.2d 1049 (1936); *Peters v. Commonwealth*, Ky., 477 S.W.2d 154 (1972); *Commonwealth v. Willis*, Ky., 716 S.W.2d 224 (1986). The statute itself was recently broadened so that now, in addition to child *victims*, child *witnesses* may also testify outside the presence of the accused. 1996 Ky. Acts ch. 178, sec. 1, effective July 15, 1996.

then determined that compelling need justified the use of KRS 421.350 procedures. The trial court considered the testimony the child would give at trial, and the age of the child in making its determination. The Court stated: "... the Court is convinced that due to the nature of the testimony and the age of the witness that face-to-face arrangement would inhibit the witness to a degree that the jury's search for the truth would be clouded." The trial court was convinced that the victim would not be able to testify in the presence of appellant, and in the interest of presenting all evidence to the jury it made the determination of compelling need:

> the compelling need is not based on convenience or comfort level of the witness so much as it is the need to be able to disclose the testimony so that the jury itself can determine whether they want to accept or reject same or what weight should be given.

This Court has similarly held that where the trial judge found that the child would not testify as to the offense and was reluctant to testify in the presence of the accused, that "... putting the child through the ordeal of testifying in open court may denigrate the reliability of her testimony. (citation omitted)." *Willis, supra* at 230.

Appellant argues that the trial court's determination of compelling need was based on an insufficient expertise in analyzing the controlling factors, because "[o]ne judge, one man alone, unqualified in behavioral sciences, made the determination, without additional facts or opinions, that the alleged victim could not testify in open court." Contrary to appellant's view, decisions such as this fall precisely within the judicial role. The trial court did not abuse its discretion in this case, and based its determination of compelling need on appropriate factors.

For the forgoing reasons, the judgment of the Boyd Circuit Court is affirmed.

All concur.