## Cox v. Commonwealth.

May 15, 1942.

C. B. Upton for appellant.

Hubert Meredith, Attorney General, and W. Owen Keller, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE FULTON—Affirming.

The appellant, Elmer Cox, was convicted of the crime of detaining a woman against her will, denounced by Section 1158 of Kentucky Statutes, and sentenced to two and a half years in the penitentiary. On this appeal the sole ground urged for reversal is misconduct of the Commonwealth's Attorney in asking incompetent questions.

At the close of the direct examination of the appellant the last question asked him by his counsel was: "Have you ever been charged with anything like this before?" The answer was: "No sir." The Commonwealth's Attorney began cross examination by asking appellant if he had not made a similar attack on Myrtle Lawson. No objection was made and appellant answered, "No sir." At the conclusion of evidence for the appellant he was recalled by the Commonwealth for further examination and was asked if he did not on last Christmas make a similar advance towards Myrtle Lawson. The question was objected to and the objection was sustained. Thereupon Myrtle Lawson was called as a witness and asked if appellant made an attack on her last Christmas and tried to get her to have sexual intercourse with him. Objection was made and sustained but the witness answered in the affirmative before she could be prevented from doing so. Counsel for appellant thereupon moved the court to discharge the jury and the motion was overruled, but the court admonished the jury that the question asked the witness and the answer she made were not competent and should not be considered for any purpose.

It is earnestly insisted that this conduct on the part of the Commonwealth's Attorney, in calling the witness and asking the question resulting in the premature answer, was so prejudicial that its effect was not removed by the admonition of the court.

We would be inclined to give serious consideration to this argument if this were a closer case on the facts and if counsel for appellant had not, in a manner, invited this character of attack by inquiring of the appellant if he had ever been charged with a similar offense. This line of interrogation was improper. Appellant was entitled to prove his good reputation for morality and virtue but was not entitled to testify that he had not been guilty of other specific similar acts, or been charged therewith, any more than the Commonwealth was entitled

644

to prove that he had been guilty of other similar acts. Thus, appellant opened the door for incompetent evidence of this character and extended at least a semi-invitation for the Commonwealth to enter. Having done so, he is not in the same position to complain as he would be had he not first entered the field of similar incompetent evidence. In any event, it is our conclusion that in the circumstances detailed the rights of appellant were sufficiently protected by the admonition of the court. Ordinarily a reiteration of incompetent questions does not constitute reversible error where objection is sustained and proper admonition given the jury. Baker v. Com., 210 Ky. 524, 276 S. W. 550; Hendrickson v. Com., 232 Ky. 691, 24 S. W. (2d) 564.

It is argued by counsel for appellant that this was a close case on the facts and that the incompetent questions asked were probably determinative of the issue against appellant but we do not agree that the case was a close one. We think the evidence overwhelmingly established appellant's guilt and that his substantial rights were not prejudiced by the asking of the incompetent questions in the circumstances indicated, followed by the admonition of the court.

Judgment affirmed.