**Louis Samuel DIXON, Appellant,**

**v.**

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Dec. 1, 1972.

 

Gross C. Lindsay, Trimble & Lindsay, Henderson, for appellant.

Ed W. Hancock, Atty. Gen., Mary Ann Delaney, Asst. Atty. Gen., Frankfort, for appellee.

CULLEN, Commissioner.

Louis Samuel Dixon, an adult Negro, was convicted of indulging in indecent or immoral practices with a child under the age of fifteen (a 13-year-old white boy), in violation of KRS 435.105. The jury fixed his punishment at the maximum prescribed by the statute—10 years' imprisonment— and judgment was entered accordingly. Dixon appeals from the judgment of conviction.

Dixon's contention that the verdict is not supported by the evidence is not sustainable. The victim's testimony clearly established the criminal offense charged and positively identified Dixon as the offender.

■ Likewise not sustainable is Dixon's argument that the Commonwealth's attorney deliberately sought in his closing argument to prejudice the jury by asking the jury not to be harder on the defendant because he was a black man and the victim was a white boy, and saying "I'd want you to administer the same punishment, no matter what their color." Dixon's counsel argues that the Commonwealth's attorney actually intended to influence the jury to do just what his words asked them not to do. We are not so persuaded. We have read the argument and find no indications of any lack of sincerity or lack of honest intent to avoid racial prejudice.

■ Dixon's third contention is that he was seriously prejudiced by not having counsel at the examining trial and not having been advised of his right to have counsel at that trial. His argument is keyed to the fact that on the trial the victim said that before he went with Dixon to an empty house where the offense took place, he asked a man he knew, named Tuck, whether it would be safe to go with Dixon, and Tuck assured him it would. Tuck was not produced as a witness at the trial. Dixon's counsel maintains that if Dixon had been furnished counsel at the examining trial, the counsel through the victim's testimony at that trial would have learned of the claimed presence of Tuck in the area of the crime and counsel then could have investigated Tuck's usefulness as a witness. In substance, the argument is that counsel could have used the examining trial as a vehicle for *discovery*.

Since the only claim of *prejudice* arising from the lack of counsel at the examining trial is that the defendant was deprived of the opportunity to learn about Tuck, and since the defendant now knows about Tuck and will have ample opportunity to utilize that knowledge before another trial (for the holding of which this case is being reversed on another ground, we find that the failure to provide counsel at the examining trial has not worked to the prejudice of Dixon's substantial rights.

■ Dixon argues that the very fact that the jury imposed the maximum sentence, on the uncorroborated testimony of the victim alone, is indicative of prejudice and passion arising from the fact that the defendant was a Negro and the victim a white boy. The argument is not valid, because there is no basis for anything more than conjecture that the jury would not have imposed the same sentence on a white defendant. The offense was of a nature calculated to arouse disgust on the part of the jury, which alone could account for the severity of the penalty; however, it is not necessary that the question of passion and

prejudice be answered as an independent proposition, because we are reversing the judgment (on another ground) and the question may not arise on another trial.

The ground on which we are reversing the judgment relates to the admission of evidence as to Dixon's previous conviction in Indiana of the misdemeanor of indecent exposure. We are holding that the *fact* of the previous conviction would have been admissible under the particular circumstances of this case had the *form* of the proof been proper, but that the form was not proper.

Testifying in his own defense, Dixon was asked, "Have you ever been arrested for any moral charge?", and his answer was "No sir." On cross-examination he was asked whether he had been arrested in Evansville, Indiana, and convicted "for indecent exposure," and his answer was that he did not recall any such arrest or conviction. Then, in rebuttal, the Commonwealth put on the stand a police officer of the City of Henderson who undertook to testify, from records received by the Henderson Police Department through the mail from the Federal Bureau of Investigation, that Dixon had been convicted in Evansville, Indiana, in 1957 on a charge of "public indecency." Counsel for Dixon objected to the admission of the evidence, and although his objections were not artfully expressed it is clear that the ground of objection was that the purported record of conviction was nothing but an unauthenticated copy of a record. The court overruled the objections, apparently on the theory that oral testimony from the copy of the record was admissible even though the copy itself was not admissible.

■ We are holding that the fact of the previous conviction would have been admissible, if properly proved, solely by way

of rebuttal to Dixon's effort to help his own case by testifying on direct examination that he had never been arrested on a morals charge. See Cox v. Commonwealth, 290 Ky. 642, 162 S.W.2d 201; Grigsby v. Commonwealth, 299 Ky. 721, 187 S.W.2d 259. The fact clearly would not have been admissible for general impeachment purposes under the rule of Cotton v. Commonwealth, Ky., 454 S.W.2d 698. We reserve the question of whether it would have been admissible as evidence of a previous morals offense "of a similar or identical nature," under Russell v. Commonwealth, Ky., 482 S.W.2d 584.

■ We are holding that the form of the proof of the previous conviction was improper because the testimony concerning the previous conviction was out-and-out hearsay. The unauthenticated copy of the court record, sent through the mail by the FBI, was not any the less hearsay by reason of its being something on paper. The copy itself was not admissible, nor could it furnish the basis for oral testimony of the fact it purported to show. We think the objections to the admission of the evidence were adequate and the trial court erred in admitting the evidence.

■ The evidence was of such a character as would reasonably be calculated to influence the jury as to the extent of punishment to be imposed, and it reasonably may be considered that it did play some part in the imposition of the maximum punishment in his case. Therefore, the error in the admission of the evidence must be classed as prejudicial.

The judgment is reversed with directions for further proceedings in conformity with this opinion.

All concur.