**Louis Samuel DIXON, Appellant,**

**v.**

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Feb. 15, 1974.

Anna H. Isaacs, Associate Public Defender, and Paul F. Isaacs, Frankfort, for appellant.

Ed W. Hancock, Atty. Gen., Thomas R. Emerson, Asst. Atty. Gen., Frankfort, for appellee.

CULLEN, Commissioner.

Louis Samuel Dixon's conviction (with a ten-year sentence) of indulging in indecent or immoral practices with a child under the age of 15 (a 13-year-old boy) was reversed by this court in Dixon v. Commonwealth, Ky., 487 S.W.2d 928, for error in the admission of certain evidence. On remand of the case another trial was held, which

again resulted in conviction and a ten-year sentence. We have Dixon's appeal from the second judgment of conviction.

■ On the prior appeal Dixon contended that the evidence did not sustain the verdict, which contention we found to be without merit. On this appeal he makes the same contention. Since the evidence on the second trial was not substantially different from that on the first trial, our prior ruling on the sufficiency of the evidence may be considered to be the law of the case. The respects in which the victim's testimony on the second trial was inconsistent with his testimony on the first trial were of minor significance.

■ However, without regard to the law-of-the-case rule, we find the evidence on the second trial to be sufficient. The victim's basic story was credible, his identification of Dixon was positive, he made immediate complaint to his father, his trousers were ripped, there were physical indications of anal irritation of the boy, Dixon admittedly was in the area when the offense was committed, and the testimony of Dixon's witnesses attempting to identify another person as the probable offender was patently false. Such discrepancies as there were in the versions of the incident given by the victim in his statements to the police and in his testimony on the two trials were not of such materiality as to deprive his testimony of the probative quality necessary to sustain a conviction.

We do not concur in the suggestion by Dixon's counsel that in a prosecution for this type of offense a higher than ordinary quality of proof should be required, the same as in rape cases. We are not convinced that the same inducements to falsify a charge exist in this type of offense as in a rape case. But in any event we think the evidence in this case would meet the rape-case standard.

As a second ground of error, Dixon asserts that the circumstances of a photographic identification of Dixon made by the victim from a group of photographs shown to him by the police were so suggestive as to taint the victim's in-trial identification and thus to violate Dixon's right to due process. Dixon cites United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L. Ed.2d 1149; Simmons v. United States, 390 U.S. 377, 88 S.Ct. 967, 19 L.Ed.2d 1247; and Stovall v. Denno, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199, and he calls particular attention to the statement in *Simmons* as to the danger inherent in showing to the victim pictures of several persons in which the photograph of one of the persons "recurs or is in some way emphasized."

■ In the instant case the police showed the boy a stack of 10 or 12 photographs of men, which stack contained *two* photographs of Dixon. The boy identified Dixon from the photographs, and it is argued that this fact alone tainted the identification. We are not so persuaded. The police testified that when the boy came to the *first* picture of Dixon, in going through the stack of pictures, he immediately identified Dixon as his assailant, and he repeated the identification on coming to the second picture. Prior to being shown the photographs the boy had seen Dixon at a grocery store, and identified him. After having seen the pictures he again saw Dixon, on a street corner, and again identified him. Also, he saw and identified Dixon on a third occasion, upon which he called the police and they arrested Dixon. It is our opinion that the totality of these circumstances does not indicate the likelihood of a misidentification attributable to suggestive practices by the police in connection with the photographs.

The judgment is affirmed.

All concur.