**GOVERNMENT OF THE VIRGIN ISLANDS, Plaintiff**

v.

**SHELDON GRANT, Defendant**

Criminal No. 452/82

Territorial Court of the Virgin Islands

Div. of St. Croix at Christiansted

July 20, 1983

GEORGE CANNON, JR., ESQ., Christiansted, St. Croix, *for plaintiff*

LOLITA D'JONES, ESQ., Christiansted, St. Croix, *for defendant*

SILVERLIGHT, *Judge*

## MEMORANDUM OPINION AND ORDER

### INTRODUCTION

On April 11 and 12, 1983, the defendant, Sheldon Grant, was found guilty after a jury trial of assault in the third degree[1] and

---

[1] 14 V.I.C. § 297(2) provides in pertinent part:
"Whoever, under circumstances not amounting to an assault in first or second

possession or use of a dangerous weapon[2] in the commission of a crime of violence.[3] The case is now before the Court on defendant's motion for judgment of acquittal or, in the alternative, for a new trial, pursuant to Rules 29 and 33 of the Federal Rules of Criminal Procedure, respectively. The Government has filed no response. A hearing was held on May 19, 1983, at which time the Court orally addressed the motion and reserved the right to supplement its oral ruling by a written opinion.

## I. FACTS

At the trial, the Government alleged and offered evidence to establish that on October 10, 1982, at approximately 7:00 a.m. Franklin Parris approached the Binnacle Bar and Restaurant located in Christiansted, purportedly to have breakfast. Upon approaching the front door, the defendant locked it and refused to allow Mr. Parris to enter despite his request to do so. An argument ensued whereby both parties exchanged obscenities and/or curse

---

degree . . . assaults another with a deadly weapon . . . shall be fined not more than $500.00 or imprisoned not more than 5 years or both."

[2] 14 V.I.C. § 2251(a)(2)(B) reads in relevant part:

"Whoever . . . with intent to use the same unlawfully against another, has, possesses, bears, transports, carries or has under his proximate control, a dagger, dirk, dangerous knife, razor, stilleto, or any other dangerous or deadly weapon shall . . . if he has previously been convicted of a felony, or has, possesses, bears, transports, carries or has under his proximate control, any such weapon during the commission or attempted commission of a crime of violence . . . shall be fined not more than $2,000.00 or imprisoned not more than 5 years, or both, which penalty shall be in addition to the penalty provided for the commission of, or attempt to commit, the crime of violence."

[3] A "Crime of Violence" as defined in 23 V.I.C. § 451(e) means:

"[A]ny of the following crimes, or an attempt to commit any of the same, namely: Murder in any degree, voluntary manslaughter, rape, arson, mayhem, kidnapping, assault in the first degree, assault with or by means of a deadly or dangerous weapon, assault to do great bodily harm, robbery, burglary, housebreaking, breaking and entering and larceny."

14 V.I.C. § 2254 provides for a minimum sentence with no probation or parole to persons convicted under § 2251. Section 2254 reads in part:

"A person . . . convicted pursuant to Section 2251 of this chapter of having, possessing, bearing, transporting, carrying or having under his proximate control a deadly or dangerous weapon as therein described, during the commission or attempted commission of a crime of violence, shall be incarcerated for a term of imprisonment of not less than one-half of the maximum sentence specified in the particular section. Imposition or execution of this minimum period of incarceration shall not be suspended, nor shall probation be granted; neither shall parole or any other form of release be granted for this minimum period of incarceration."

words, and defendant at some point walked into the kitchen of the restaurant and returned to the door with a "butcher" or "carving" knife. He then unlocked the door and lunged at Mr. Parris attacking him with the knife. As a result, medical testimony revealed that Mr. Parris received a stab wound to his left femoral area approximately 1½" deep and 2" wide. Shortly thereafter the police, summoned by witnesses, arrived on the scene where Mr. Parris was then taken to the hospital for treatment and defendant placed under arrest and advised of his rights.

As grounds[4] for his motion, defendant contends the following:

1. The verdict as to each count was contrary to the weight of the evidence.
2. The Court erred in disallowing evidence regarding the defendant's lack of any prior arrest or conviction.
3. The defendant was substantially prejudiced and deprived of a fair and impartial trial because the jury acted out of sympathy and bias for the complaining witness and were swayed by the appearance of the "carving knife" per se.
4. There was insufficient evidence to support the finding of specific intent by the defendant to use the knife as a deadly weapon.

## II. MOTION FOR JUDGMENT OF ACQUITTAL OR, IN THE ALTERNATIVE, A NEW TRIAL

### A. STANDARD

■ The standard to be used in determining a motion for judgment of acquittal and a motion for a new trial is different. On a Rule 29 motion for judgment of acquittal, the Court must approach the evidence from the standpoint most favorable to the government and in that vein assume the truth of the evidence offered by the prosecution. In other words, the standard is whether, in viewing all the evidence adduced at trial in the light most favorable to the government, there is substantial evidence from which the jury could find guilt beyond a reasonable doubt. Glasser v. United States, 315 U.S. 60, 80 (1942); United States. v. Armocida, 515 F.2d 29, 46 (3d Cir.),

---

[4] Defendant also alleges the following, neither of which have any merit in view of the circumstances.
 (A) To the extent that the story of the complaining witness would suggest criminal intent, it must be discarded as incompetent and wholly incredible.
 (B) That defendant should have been charged under paragraph 4 of § 297 rather than paragraph 2 of that section because serious bodily harm was inflicted.

cert. denied, 423 U.S. 858 (1975). Government v. Bradshaw, 569 F.2d 777, 779, 15 V.I. 481, 485 (3d Cir.), cert. denied, 426 U.S. 956 (1978). If on this basis there is substantial relevant evidence justifying an inference or finding of guilt by the jury, the motion for acquittal must be denied. Finally, the standard does not differ when the Government's case is based on circumstantial rather then direct evidence. United States v. Boyle, 402 F.2d 757 (3d Cir. 1968).

██ However, on a Rule 33 motion for a new trial, the power of the Court is much broader, United States v. Pepe, 209 F.Supp. 592, 594 (D. Del. 1962), aff'd, 339 F.2d 264 (3d Cir. 1964) (per curiam), and the Court may weigh the evidence and consider the credibility of the witnesses as if it were sitting as a thirteenth juror. 3 C. Wright, Federal Practice & Procedure: Criminal 2d § 553. If the Court concludes that the verdict is contrary to the weight of the evidence and that a miscarriage of justice may have resulted, the verdict may then be set aside and a new trial granted. Furthermore, the motion for a new trial is addressed to the discretion of the Court and such discretion should be exercised with extreme caution. In other words, the power to grant a new trial should be invoked only in exceptional cases in which the evidence preponderates heavily against the verdict. Government v. Leycock, 93 F.R.D. 569, 571 (1982). See also 3 C. Wright, supra.

## III. SUFFICIENCY OF THE EVIDENCE

### A. COUNT I—ASSAULT THIRD DEGREE

When the evidence is viewed in the light most favorable to the Government there is more than sufficient evidence to sustain the jury verdict of guilty. We summarize the evidence pertaining to each ground cited by the defendant in his motion as follows:

██ 1. In order to convict an individual of assault third degree, the Government must prove beyond a reasonable doubt that the defendant committed an assault with a deadly weapon. There was testimony by the victim to support a finding by the jury that the defendant acted intentionally and had the apparent ability to cause bodily harm. This testimony was corroborated by an eyewitness who saw the defendant with the knife in his hand and by a police officer to whom defendant admitted stabbing the victim. Finally, the jury could have inferred that the knife (carving or butcher) was of such a

nature that it, from the manner used, was calculated or likely to produce death or serious bodily injury.[5]

Furthermore, the Court gave its standard instructions regarding the requirement of proof of specific intent for both Counts I and II.[6] It is the Court's view that the jury did give careful consideration to the determination of whether the defendant possessed the requisite mens rea (specific intent), and concluded that the same was present at the time the crime was committed.

### B. COUNT II—CARRYING OR USING A DEADLY WEAPON

■ The crime of carrying or using a deadly weapon during the commission of a crime of violence requires proof beyond a reasonable doubt that the defendant wilfully possessed a deadly weapon and intended to use the same against the victim in the commission of certain specified crimes.[7]

---

[5] The Court instructed the jury, in pertinent part, that:

"A deadly weapon is defined as one which, from the manner used, is calculated or likely to produce death or serious bodily injury."

[6] The Court gave two sets of instructions with regard to intent. The first set was for assault third degree and the second set was for carrying or using a deadly weapon during the commission of a crime of violence. They were, respectively:

(A) Before a defendant may be found guilty of a crime, the Government must prove beyond a reasonable doubt that he committed an act that the law declares to be a crime and that he intentionally committed the act. The crime charged in this case—assault in the third degree, subparagraph 2—requires proof of a specific intent.

Intent may be proved by circumstantial evidence. Indeed, it can rarely be established by any other means. We simply cannot look into the head or mind of another person. It is impossible physically to do that. So, while witnesses may see and hear and so be able to give direct evidence of what a defendant does or fails to do, of course, there can be no eyewitness account of the state of mind with which the acts were done or omitted. But what a defendant does or fails to do may indicate intent or lack of intent to commit the particular offense charged.

(B) The crime of carrying or using a deadly weapon requires proof of specific intent before the defendant can be convicted. As I have just instructed you, one of the essential elements of this crime is that the defendant carried or used a deadly weapon with the specific intent to use it unlawfully against another.

Specific intent means more than general intent to commit an act. To establish the element of specific intent, the Government must prove beyond a reasonable doubt that the defendant knowingly—that is, voluntarily and intentionally—did an act which the law forbids, purposely intending to violate the law. Such intent may be determined from all the facts and circumstances surrounding the case.

[7] The elements of carrying or using a deadly weapon during the commission of a crime of violence, 14 V.I.C. § 2251(a)(2), are:

1. The defendant acted wilfully; and
2. The defendant did possess, bear, transport or carry a deadly weapon, to wit: a knife; and

446

■ There was testimony by the victim and eyewitnesses that the defendant walked into the kitchen of the restaurant, picked up a large knife, and returned with it to the front of the restaurant. The victim further testified that the defendant then attacked him with the knife. Finally, even the defendant admits that he went into the kitchen and returned with a knife. In view of the above, there was sufficient evidence, if the jury chose to believe it, to support a verdict of guilty on Count II. This is true regardless of which standard is applied.

## IV. EXCLUSION OF CHARACTER EVIDENCE

The issue here is whether evidence of the lack of either a criminal arrest record or a record of conviction is properly admissible as character evidence.

Rule 404 of the Federal Rules of Evidence provides that "[e]vidence of a person's character or a trait of his character is not admissible for the purpose of proving that he acted in conformity therewith on a particular occasion, except:

(1) Character of the accused. Evidence of a pertinent trait of his character offered by an accused;"

Rule 405 indicates the methods of proving character. It provides in part:

> In all cases in which evidence of character or a trait of character of a person is admissible, proof may be made by testimony as to reputation or by testimony in the form of an opinion. On cross-examination, inquiry is allowable into relevant specific instances of conduct.

■■ The Court found that testimony by the defendant that he has never been *arrested* was not admissible to prove his good character. State v. McLaughlin, 132 Conn. 325, 44 A.2d 116 (1945); Cox v. Commonwealth, 290 Ky. 642, 162 S.W.2d 201 (1942). See also Blake v. Cich, 79 F.R.D. 398 (D. Minn. 1978). Though character evidence is admissible as substantive evidence, it is only when character is in issue. McCormick on Evidence, § 187 (2d ed. 1972). The character of the defendant was not a substantive issue in the case.

---

3. The defendant intended to use the deadly weapon unlawfully against Franklin Parris; and

4. The act occurred on or about the 10th day of October 1982.

The Count also requires a finding that the carrying or using the deadly weapon was during the commission of a crime of violence. As a *matter of law*, assault third degree is a crime of violence.

As substantive evidence, the proffered testimony would be relevant only as circumstantial evidence, i.e., that the defendant likely acted in conformity with his good character on the day the crime was committed. Such testimony is irrelevant in the context of the instant action. Fed. R. Evid. 404(a).

 However, evidence that the defendant has never been *convicted may* be introduced if properly done pursuant to Rule 405. Rule 405 allows the defendant to introduce evidence of his character *through the testimony of other witnesses* who may testify in the form of an *opinion* as to the defendant's *character or his reputation* in the community. In both instances it is a third person who testifies, *not* the defendant himself, after a proper foundation has been laid as to the witnesses' relationship and degree of contact with the defendant. The manner in which the defendant attempted to introduce such evidence was clearly improper.

## V. JURY SWAYED BY SYMPATHY OR BIAS

 Lastly, defendant alleges that the jury was swayed by sympathy and bias for the victim, and was influenced by the appearance of the knife. The knife was properly admitted tangible evidence, not so inflammatory as to outweigh its probative value. As such the jury had the right to view it and draw its own inferences. Indeed, the strength of its probative value arises out of the necessity for the jury to observe it in order to make its own factual conclusion with regard to whether it was a deadly weapon or not.

 Furthermore, there was no factual evidence to support the allegation that the jury was swayed by either bias or prejudice. On the contrary, this is a purely conclusory statement. The Court instructed the jury that: "[t]he law does not permit jurors to be influenced by outside matters, such as sympathy, bias, prejudice, or any similar fact or factor, for or against either side."[8] The law presumes, in the absence of evidence to the contrary, that the jury adhered to the Court's instructions. United States v. Kellerman, 431 F.2d 319, cert. denied, 400 U.S. 957 (3d Cir. 1970); United States v. Carney, 461 F.2d 465 (3d Cir. 1972). See generally, 27 West's Federal Practice Digest 2d § 1144.15 (1977 and 1982 Cum. Supp.).

---

[8] This instruction was given in *both* the preliminary and final instructions of the Court.

## CONCLUSION

In view of the above, defendant's motion for judgment of acquittal, or in the alternative, a new trial is denied.

## ORDER

For the reasons expressed in the memorandum opinion filed herein on even date herewith, it is

ORDERED that defendant's motion for judgment of acquittal or, in the alternative, for a new trial be, and the same hereby is, DENIED.