Michael JOHNSON, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

No. 92–SC–677–MR.

Supreme Court of Kentucky.

Oct. 27, 1994.

As Amended Nov. 1, 1994.

U.S. 23 and Ky. 979, a two lane connector. As Johnson approached the intersection he looked briefly from the road. At the same time a pickup truck driven by Glenda Akers entered the intersection. On seeing Ms. Akers' pickup truck Johnson sounded his horn, slammed on his brakes, and veered hard to the left to avoid a collision. Johnson's coal truck left twenty-five feet of skid marks before colliding with the pickup truck. Ms. Akers was killed instantly.

It was uncontested at trial that Johnson was not operating his coal truck under the influence of alcohol or drugs. The road was dry and the weather was clear. The speed limit on U.S. 23 was 55 miles per hour. The speed of the coal truck was not determined; but there was no evidence it exceeded the legal limit. The color of the traffic light at the intersection was disputed.

The first assignment of error is the failure of the Trial Court to sustain Appellant's motion for a directed verdict of acquittal on the grounds that the evidence was insufficient to support a conviction of wanton murder.

Although KRS 507.020(1)(b) allows a conviction for wanton murder by the operation of a motor vehicle under circumstances manifesting extreme indifference to human life, the circumstances of this case, even viewed in a light most favorable to the Commonwealth as required by *Commonwealth v. Sawhill*, Ky., 660 S.W.2d 3 (1983), do not rise to such a level of wanton conduct. In *Hamilton v. Commonwealth*, Ky., 560 S.W.2d 539 (1978) and *Walden v. Commonwealth*, Ky., 805 S.W.2d 102 (1991), this Court held that the Defendant's conduct amounted to more than a typical automobile accident by virtue of the Defendant's extreme rate of speed and level of intoxication. There is a noted absence of these factors in the case at hand. This Court has held that a conviction of wanton murder is reserved exclusively for offenders who manifest virtually no concern for the value of human life. *Kruze v. Commonwealth*, Ky., 704 S.W.2d 192 (1985); *Harris v. Commonwealth*, Ky., 793 S.W.2d 802 (1990); *Nichols v. Commonwealth*, Ky., 657 S.W.2d 932 (1983).

Kelsey E. Friend, Jr., Pikeville, for appellant.

Chris Gorman, Atty. Gen., Carol Ullerich, Asst. Atty. Gen., Frankfort, for appellee.

ANGELA A. PATRICK, Special Justice.

Appellant, Michael Johnson, was convicted of wanton murder as a result of certain circumstances surrounding an automobile accident on July 2, 1991, receiving a sentence of twenty years. He appeals to this Court as a matter of right.

On the date involved, Michael Johnson was driving his loaded coal truck South on U.S. 23 in Floyd County. U.S. 23 is a four lane, open access highway. Johnson was traveling on the right side of the two South bound lanes when he approached the intersection of

No evidence was introduced by the Commonwealth of extreme speed or even that the Appellant was exceeding the legal speed limit. Evidence was introduced that the Appellant was not operating the coal truck under the influence of drugs or alcohol; that the Appellant's coal truck was fully loaded; that he was making his third haul of the day; that he blew his horn and swerved to avoid impact; and that he may have run a red light. None of this evidence establishes conduct which rises to the level of manifesting extreme indifference to human life.

In *Commonwealth v. Sawhill, supra,* we set out the proper test for a trial court to use in determining whether to grant a directed verdict, but in addition to setting out the rule, we also stated that the prosecution must have more than a mere scintilla of evidence and that it must be evidence of substance. The evidence here was not sufficient to establish the elements of wanton murder even viewed in a light most favorable to the Commonwealth. A directed verdict should have been granted to the Appellant as to the offense of wanton murder.

The Appellant further contends that it was reversible error for the trial court to allow cross examination concerning the alleged practice of coal truck drivers deliberately running red lights. The relevant exchange was as follows:

Question by Prosecutor: Okay. Some people, who drive these coal trucks make it a practice to run red lights and blow horns, so people will back off and let them come through even though the light is red....

Defense Attorney: Objection, your Honor.

The Court: Overruled. This is cross examination.

Question: (Continued by Prosecutor). Isn't it a fact that that's what you were doing on that particular day?

Answer by Defendant: No it wasn't.

█ Past appellate courts of Kentucky have ruled that "evidence of a person's habit is not admissible to prove that he acted in conformity therewith on a particular occasion." Lawson, *The Kentucky Evidence Law Handbook,* § 2.85 (3d ed. 1993). Kentucky's high court has consistently ruled against the admission of habit evidence. *See, e.g., Louisville & N.R. Co. v. Adam's Adm'r,* Ky., 205 Ky. 203, 265 S.W. 623 (1924); *Louisville and N.R. Co. v. Taylors' Adm'r,* 31 Ky.L.Rptr. 1142, 104 S.W. 776 (1907).

Rule 404(b) of the Kentucky Rules of Evidence provides that, "evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith." It is apparent that an accused cannot be cross examined about his own "bad acts."

█ The Commonwealth, however, went far beyond questioning the Appellant about his habits or his own bad acts by questioning him about the habit of a class of individuals of whom he was a part, i.e., coal truck drivers. To permit the Commonwealth to cross examine about the habit of a class of individuals for the purpose of showing how one unique individual in that class might have acted on a given occasion would invite the jury to arbitrarily hold an individual responsible based on his membership in the class. Since evidence of a person's own habits or his own prior bad acts has always been inadmissible in the Courts of Kentucky, this Court establishes that evidence regarding the habit of or bad acts of a class of individuals should also be inadmissible.

█ Finally, the Appellant argues that he was deprived of the right to introduce character evidence for the purpose of showing that he would not and did not commit the crime for which he was charged. It is a universally accepted rule of evidence that a criminal defendant has the right to introduce such evidence and this has been recognized by this Court in many cases. *See e.g., Cox v. Commonwealth,* 290 Ky. 642, 162 S.W.2d 201 (1942); *Gaugh v. Commonwealth,* 261 Ky. 91, 87 S.W.2d 94 (1935); *Shell v. Commonwealth,* 245 Ky. 223, 53 S.W.2d 524 (1932); *Pickelseimer v. Commonwealth,* 217 Ky. 608, 290 S.W. 498 (1927).

While it is clear that the Appellant had the right to introduce this type of evidence we do not proceed further with a discussion of this matter since the Appellant did not properly preserve this issue for review. Although the Appellant has argued that the evidence was

excluded as a class of evidence, this Court does not wish to disturb the well settled principles for preservation of issues for review on appeal. The Appellant should have objected to the exclusion of the character evidence and offered it by way of avowal for the record on review. *Caudill v. Commonwealth,* Ky., 777 S.W.2d 924 (1989); *Wilson v. Commonwealth,* Ky., 601 S.W.2d 280 (1980).

For the foregoing reasons, Appellant's conviction is reversed and the case is remanded for a new trial as to lesser included offenses.

STEPHENS, C.J., and LAMBERT, LEIBSON, REYNOLDS and SPAIN, JJ., concur.

WINTERSHEIMER, J., dissents in a separate opinion.

STUMBO, J., not sitting.

WINTERSHEIMER, Justice, dissenting.

I must respectfully dissent from the majority opinion because I find no valid reason to reverse the conviction, and consequently no necessity for a new trial.

The Commonwealth presented sufficient proof from which the jurors could reasonably infer that Johnson committed the crime with which he was charged. Under the standard of *Commonwealth v. Benham,* Ky., 816 S.W.2d 186 (1991), the trial judge properly overruled the directed verdict motion.

Johnson did not properly preserve the complaint about cross-examination. Although defense counsel immediately objected to the offensive interrogations, no grounds were given for the objection and there was no relief requested as required by RCr 9.22. Johnson did not request an admonition and the single question challenged was never answered. In order to properly preserve the issue, Johnson should have notified the court of what action he desired or objected to the ruling by the trial judge. He did neither. Reliance on *Bowler v. Commonwealth,* Ky., 558 S.W.2d 169 (1969) is misplaced. Ordinarily asking a single improper question is not grounds for reversal. Here only one question about the practice of other drivers was asked and it was never answered.

When asked about his intent at the time of the collision, Johnson denied running the red light and blowing his horn on the assumption that other drivers would yield the right of way to him.

The trial judge properly applied KRE 404(a)(1) in limiting Johnson's offer of character evidence to testimony regarding his general reputation for truthfulness and veracity in the community.

Under all the circumstances, I believe the judgment of conviction should be affirmed.