Randy KURTZ, Appellant,

v.

COMMONWEALTH of Kentucky,
Appellee.

No. 2004–SC–0650–MR.

Supreme Court of Kentucky.

Sept. 22, 2005.

Randall T. Bentley, Smiths Grove, KY, for Appellant.

Gregory D. Stumbo, Attorney General, Gregory C. Fuchs, Assistant Attorney General, Office of Attorney General, Criminal Appellate Division, Frankfort, KY, for Appellee.

Opinion of the Court by Justice GRAVES.

A jury of the Barren Circuit Court convicted Appellant, Randy Kurtz, of first-degree rape, two counts of first-degree sodomy, three counts of first-degree sexual abuse, and attempted first-degree sodomy in connection with the molestation of his girlfriend's children. For these crimes, Appellant was sentenced to thirty years imprisonment, plus three years conditional discharge as required by KRS 532.043. Appellant now appeals to this Court as a matter of right. Ky. Const. § 110(2)(b). For the reasons set forth herein, we must vacate Appellant's convictions and remand for a new trial.

The evidence presented at trial tended to show that Appellant's girlfriend and her children, L.S., F.T. (also known as F.M.), J.M., and D.M., were living with Appellant from 1996 until November 2002, when allegations of sexual abuse surfaced at the elementary school attended by the three youngest children. The oldest child, L.S., a high school student at the time, stated that she had never been subjected to abuse and was not aware of her siblings being abused. The three youngest children testified to various acts of sexual abuse that had been perpetrated by Appellant. The children's therapist testified regarding the general characteristics and habits of child sex abuse perpetrators, stating that interfamilial perpetrators tend to target victims who live in the home and that it is not uncommon for some children within a familial unit to be abused while others are not. The therapist also testified regarding how children store memories, stating that children tend not to remember dates, but use association to store

memories. Finally, the therapist testified regarding her treatment of the children, giving clinical histories for the children and more detailed explanations regarding abuse which was disclosed by the children during therapy. Other witnesses also testified for the Commonwealth, but their testimony need not be recounted herein for the purposes of this appeal.

Appellant presented several witnesses on his behalf. These witnesses testified that he had a normal and loving relationship with both the children and their mother, that he had good character and a good reputation in the community, and that he participated in social activities with his girlfriend and the children. The witnesses also testified that he built several things around the house, including an above ground pool, for the children's use. Further testimony was given by Appellant's ex-wife, who stated that Appellant had a loving and appropriate relationship with their two daughters, and that he had a normal sexual relationship with her while they were married.

The jury returned verdicts of guilty on nearly all counts submitted to it. Appellant asserts several assignments of error upon which he requests relief. We address each assignment of error in turn:

## I. Finding of Compelling Need Pursuant to KRS 421.350(3)

 KRS 421.350(3) states in pertinent part:

> The court may, on the motion of the attorney for any party and upon a finding of compelling need, order that the testimony of the child be taken outside the courtroom and be recorded for showing in the courtroom before the court and the finder of fact in the proceeding.

KRS 421.350(5) defines "compelling need" as "the substantial probability that the child would be unable to reasonably communicate because of serious emotional distress produced by the defendant's presence." Appellant contends the trial court erred when it allowed the children to testify by video deposition (which was later played to the jury at trial) pursuant to a finding of compelling need under this statute. A trial court's finding of compelling need pursuant to KRS 421.350 is reviewed for abuse of discretion. *Danner v. Commonwealth,* 963 S.W.2d 632, 634 (Ky.1998).

In this case, the trial court considered the testimony of Julie Griffey, the children's mental health counselor, and from that testimony determined that the children's ages, nine, eleven, and twelve, their history, their course of treatment, and the opinions of Julie Griffey regarding the children's well-being and their ability to testify supported a finding of compelling need. Appellant argues that the sole testimony of Julie Griffey is inadequate to support such a finding and that the trial court erred by failing to find a compelling need for each individual child. We disagree.

Appellant did not (and does not now) object to the admissibility of the various opinions expressed by Ms. Griffey during her testimony. Accordingly, we must presume her statements to be admissible for the limited purpose of determining this issue. *Commonwealth v. Maricle,* 15 S.W.3d 376, 380 (Ky.2000) ("[T]his Court is limited to the review of those issues that were raised and ruled on by the trial court."). When Ms. Griffey's testimony is considered in its entirety, we find the trial court did not abuse its discretion when it found the content of the testimony to be sufficient to support a finding of compelling need for each child.

## II. Proffer of Expert Testimony Pursuant to KRE 702

Appellant next claims the trial court abused its discretion when it permitted Ms. Griffey to testify regarding how children store and recall memories. Additionally, Appellant claims error by the trial court in allowing the expert to testify as to her qualifications in open court, rather than conducting a review of her qualifications outside the presence of the jury.

 Initially, we find the issue of whether it was error to allow the expert to be qualified in open court to be unpreserved because Appellant's counsel did not request the hearing to be held outside the presence of the jury. See Maricle, supra. Nonetheless, KRE 104(c) states that hearings on preliminary matters, such as the qualification of a witness, shall be conducted outside the jury's presence when the "interests of justice require." After careful review of the circumstances in this case, we find the interests of justice did not require the trial court to order, sua sponte, Ms. Griffey's qualification to be made outside the presence of the jury.

 Next, Appellant alleges the trial court abused its discretion when it ruled that Julie Griffey was qualified to testify regarding how children store and recall memories. Ms. Griffey testified that she had a master's degree in Marriage and Family Therapy, was a licensed marriage and family therapist in the Commonwealth of Kentucky, was a member of the American Association of Marriage and Family Therapists and has twenty-seven years experience as a family therapist. She further testified that she specialized in counseling victims of child sexual abuse and was required by the Commonwealth of Kentucky to attend continuing education classes each year to maintain this specialty. She stated that knowledge regarding child memory was obtained and accumulated through education, training, and experience during her twenty-seven year career.

She further testified that the topic was covered each year during her continuing education classes.

Appellant alleges that such qualifications were not sufficient to establish that Ms. Griffey's testimony was reliable in the above referenced subject area pursuant to *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993), and *Mitchell v. Commonwealth*, 908 S.W.2d 100 (Ky.1995), *overruled on other grounds, Fugate v. Commonwealth*, 993 S.W.2d 931 (Ky.1999). In *Mitchell, supra*, at 101, this Court adopted the standard of review set forth in *Daubert, supra*. *Daubert, supra*, held that expert testimony must be both relevant and reliable in order to be admissible pursuant to KRE 702. *Id.* at 589, 113 S.Ct. at 2795, 125 L.Ed.2d at 480.

 The reliability of proffered expert testimony is a preliminary question of fact reserved for the trial court and accordingly, a trial court's reliability ruling in this area is reviewed for clear error. *Miller v. Eldridge*, 146 S.W.3d 909, 916 (Ky.2004). Appellant argues that Ms. Griffey's testimony was inherently unreliable because none of the *Daubert* factors (whether the theory has been tested, whether it has been subjected to peer review, whether the rate of error is known, and whether the theory is generally accepted in the relevant field of study) were either considered or addressed by the trial court in this instance. We disagree.

In *Goodyear Tire and Rubber Company v. Thompson*, 11 S.W.3d 575, 578 (Ky. 2000), this Court stated that "[t]he consideration of reliability entails an assessment into the validity of the reasoning and the methodology upon which the expert testimony is based." We emphasized that the inquiry into reliability is a "flexible one," and that the factors enumerated in *Dau-*

*bert,* while applicable to all types of knowledge, are "neither exhaustive nor exclusive." *Id.* In *Miller,* this Court held that the Court of Appeals erred by relying "too heavily" on the *Daubert* factors, stating that *"the factors identified in Daubert may or may not be pertinent* in assessing reliability depending on the nature of the issue, the expert's particular expertise, and the subject of his testimony." *Miller, supra,* at 918–919 (quoting *Kumho Tire Co., Ltd. v. Carmichael,* 526 U.S. 137, 150, 119 S.Ct. 1167, 1175, 143 L.Ed.2d 238 (1999) (emphasis in the original)).

In this case, Ms. Griffey did not promote any theories or processes regarding how children store and recall memories which were susceptible to review under the factors listed in *Daubert.* Rather, she presented empirical evidence and basic conclusions derived therefrom which functioned to describe the manifest characteristics of how children store and recall memories. For example, Ms. Griffey testified that children's memories tend to be more simplistic and less rich in detail than the memories of adults. Ms. Griffey went on to testify that children tend to recall memories like one might view a snapshot. She explained that children do not tend to recall timeliness and dates, but rather, they will recall only scenes or certain events.

■ In cases such as this where the testimony is merely describing the manifest characteristics of a particular subject and does not involve the application of any theories, processes, or methods of novel or controversial origin, "actual experience and long observation" is sufficient to qualify a person as an expert in the relevant subject area. *See Farmland Mutual Ins. Co. v. Johnson,* 36 S.W.3d 368, 388–389 (Ky.2000). We find Ms. Griffey's twenty-seven years of education, training, and experience in the area of counseling and talking to children about their memories to be more than sufficient to qualify her as an expert in describing the manifest characteristics of child memory. Accordingly, we find no clear error by the trial court.

### III. Testimony of Julie Griffey regarding Habit and Profile Characteristics

■ Appellant next argues that reversible error occurred when Ms. Griffey testified regarding the general habits and characteristics of the typical child sex abuse perpetrator. Because such testimony is expressly prohibited pursuant to *Dyer v. Commonwealth,* 816 S.W.2d 647, 652 (Ky.1991) and *Miller v. Commonwealth,* 77 S.W.3d 566, 572 (Ky.2002), we must reverse Appellant's conviction and remand for a new trial.

Ms. Griffey testified that in her twenty-seven years of experience counseling child sex abuse victims, she found that perpetrators of such crimes tended to possess certain common characteristics—they tend to be members of the victim's family or have some kind of special access to the victim, they tend to be in a role of some power, such as a parental or supervisory position, and they tend to be older than the victim. Ms. Griffey went on to testify that it is common for the perpetrator to groom the potential victim, by providing praise, gifts, or economic assistance, as a way of breaking down the victim's defenses. Ms. Griffey further testified that it was not unusual for perpetrators to abuse only some of the children in a specific household and that perpetrators will tend to target only certain children whom they believe are easily intimidated by their authority and thus, more likely to capitulate to abuse and then keep it secret. Appellant's counsel objected to the testimony, however, his objection was overruled by the trial court.

In *Dyer*, the prosecution presented evidence in a child sex abuse case which tended to show that the defendant possessed characteristics of a pedophile. 816 S.W.2d at 652. We held that "such profile evidence is inadmissible in criminal cases to prove either guilt or innocence." *Id.* In *Miller*, where a victim had delayed reporting of abuse, we held improper the testimony of a seasoned child sex abuse investigator stating that it was common, in her experience, for sexually abused victims to delay reporting of the abuse. 77 S.W.3d at 571–72. We held that "a party cannot introduce evidence of the habit of a class of individuals either to prove that another member of the class acted the same way under similar circumstances or to prove that the person was a member of that class *because* he/she acted the same way under similar circumstances." *Id.* (citing *Johnson v. Commonwealth*, 885 S.W.2d 951, 953 (Ky.1994)).

Ms. Griffey's testimony regarding the typical sex abuse perpetrator unmistakably touched on both the habits and the profile characteristics of that class of individuals which we have held is not relevant or permissible for the jury to consider during the Commonwealth's case-in-chief. The Commonwealth contends that a portion of the testimony was offered in rebuttal to anticipated arguments and evidence which were to be offered by Appellant. We find this argument to be a non-issue in this case because there is absolutely no authority for the concept of "preemptive rebuttals" by the Commonwealth.

Appellant was alleged to possess many of the characteristics and habits described by Ms. Griffey and the entirety of Ms. Griffey's testimony was reviewed a second time by the jury during its deliberations in this case. A careful review of these circumstances, when viewed in light of the entire record, compels us to deem the error in this case prejudicial and as such, Appellant is entitled to a new trial pursuant to the settled law.

Due to our holding, we elect not to address Appellant's additional arguments regarding prosecutorial misconduct or the trial court's refusal to grant his motion to correct or modify the record pursuant to CR 75.08 because such alleged errors are either (1) unlikely to recur on retrial, or (2) they are rendered moot by this opinion.

The judgments of the Barren Circuit Court are vacated; the case is remanded for a new trial consistent with this opinion.

All concur.

ROACH and WINTERSHEIMER, J.J., concur in result only.