# IMPORTANT NOTICE
# <u>NOT TO BE PUBLISHED OPINION</u>

THIS OPINION IS DESIGNATED "NOT TO BE PUBLISHED."
PURSUANT TO THE RULES OF CIVIL PROCEDURE
PROMULGATED BY THE SUPREME COURT, CR 76.28(4)(C),
THIS OPINION IS NOT TO BE PUBLISHED AND SHALL NOT BE
CITED OR USED AS BINDING PRECEDENT IN ANY OTHER
CASE IN ANY COURT OF THIS STATE; HOWEVER,
UNPUBLISHED KENTUCKY APPELLATE DECISIONS,
RENDERED AFTER JANUARY 1, 2003, MAY BE CITED FOR
CONSIDERATION BY THE COURT IF THERE IS NO PUBLISHED
OPINION THAT WOULD ADEQUATELY ADDRESS THE ISSUE
BEFORE THE COURT. OPINIONS CITED FOR CONSIDERATION
BY THE COURT SHALL BE SET OUT AS AN UNPUBLISHED
DECISION IN THE FILED DOCUMENT AND A COPY OF THE
ENTIRE DECISION SHALL BE TENDERED ALONG WITH THE
DOCUMENT TO THE COURT AND ALL PARTIES TO THE
ACTION.



# Supreme Court of Kentucky

## 2014-SC-000408-MR

ROGER DALE RAFFERTY                                       APPELLANT ·

V.
            ON APPEAL FROM DAVIESS CIRCUIT COURT
            HONORABLE JOSEPH W. CASTLEN, III, JUDGE
                   NO. 13-CR-00334

COMMONWEALTH OF KENTUCKY                            APPELLEE

## MEMORANDUM OPINION OF THE COURT

## AFFIRMING

On March 18, 2013, Appellant, Roger Dale Rafferty, and his wife, Jane Rafferty, babysat their granddaughters, Francine and Madison.[1] At some point during the day, Appellant and Francine, who was three-years-old at the time, were left alone. During that time, Appellant placed his mouth on Francine's vagina and then proceeded to masturbate in front of her. Approximately two weeks passed before Francine mustered up the courage to tell her parents of Appellant's actions. The very next day, after Francine's father confronted him, Appellant admitted to orally sodomizing Francine and masturbating in her presence. Francine's father immediately notified law enforcement. Shortly thereafter, Detective Brandon Sims of the Owensboro Police Department interviewed Appellant and procured his recorded confession.

---

[1] Pseudonyms are being used to protect the girls' anonymity.

On May 8, 2013, a Daviess County Grand Jury indicted Appellant on one count of first-degree sodomy and first-degree sexual abuse. Despite Appellant's admissions, his attorney entered a not guilty plea on his behalf. The case proceeded to trial on Mach 25, 2014. Over Appellant's objection, Francine, who was five-years-old at the time of trial, testified via closed circuit television. She explained that Appellant touched her "bad part" with his tongue, and then "peed" into toilet paper. The jury ultimately found Appellant guilty of each charge. The jury recommended a life sentence for the first-degree sodomy charge and ten years imprisonment for the first-degree sexual abuse charge, both to run concurrently. On July 11, 2014, the trial court sentenced Appellant in conformity with the jury's recommendation. Appellant now appeals his conviction and sentence as a matter of right pursuant § 110(2)(b) of the Kentucky Constitution.

Appellant's sole argument on appeal is that the trial court abridged his federal and state constitutional rights to confrontation and to a fair trial as guaranteed by the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution and Section Eleven of the Kentucky Constitution. Prior to trial, the Commonwealth notified Appellant and the trial court that it intended on calling Francine to testify during its case-in-chief. However, the Commonwealth requested that Francine be allowed to testify by way of a closed circuit television pursuant to Kentucky Revised Statute ("KRS") 421.350. Appellant objected to the motion and claimed that testimony given outside of the courtroom, without him present, would impede his ability to confront

2

Francine. Prior to trial, the court conducted a hearing on the matter to determine if there was a compelling reason to allow Francine to testify via closed circuit television.

In support of its motion, the Commonwealth called Tara Gann, a licensed clinical social worker, who had counseled Francine. Gann testified that in past counseling sessions, Francine expressed her fear of Appellant. Francine relayed to Gann that if she was to ever see Appellant she would run away. Accordingly, Gann informed the trial court that if forced to testify in front of Appellant, Francine would not only suffer emotional distress, but she would likely be unable to reasonably communicate to the jury. In addition, Francine's mother, Haley, testified that her daughter was extremely wary of seeing Appellant and expressed concern that he would touch her again. Like Gann, Haley believed Francine would be unable to testify in Appellant's presence, and, if forced to do so, would suffer emotional distress.

At the conclusion of the hearing, the trial court agreed with the Commonwealth that Francine should not testify in open court. The trial court explained that Francine's fear of Appellant would prevent her from adequately informing the jury of her experience. Per the Commonwealth's request, Francine was allowed to testify in the judge's chambers while Appellant waited in the courtroom. To ensure that Appellant maintained continuous audio contact with his attorney during Francine's testimony, both Appellant and his counsel were provided with walkie-talkies. As the trial judge explained, if

3

Appellant had a question, he could make the walkie-talkies "beep," after which his counsel could leave the judge's chambers to field his questions.

KRS 421.350(1)-(2) permits a victim of sexual abuse to testify outside of the courtroom, by way of a closed circuit television, if the victim was twelve years of age or younger when the abuse occurred and there is a compelling need for the victim to testify outside of the defendant's presence. "A trial court's finding of compelling need pursuant to KRS 421.350 is reviewed for abuse of discretion." *Kurtz v. Commonwealth*, 172 S.W.3d 409, 411 (Ky. 2005) (citing *Danner v. Commonwealth*, 963 S.W.2d 632, 634 (Ky. 1998)). A compelling need is defined as "the substantial probability that the child would be unable to reasonably communicate because of serious emotional distress produced by the defendant's presence." KRS 421.350(5). Some non-exclusive factors a court may consider in determining the existence of a compelling need include "the age and demeanor of the child witness, the nature of the offense and the likely impact of testimony in court or facing the defendant." *Commonwealth v. Willis*, 716 S.W.2d 224, 230 (Ky. 1986).

In analyzing the above-referenced factors, we place great weight on the fact that Francine was only three-years-old at the time of the offense and only five-years-old at the time of trial. Based on Francine's young age and the sensitive nature of her testimony, testifying in open court would most certainly cause her mental distress. The victim's anguish is amplified in light of her reasonable expectation of never seeing her assailant face-to-face again. *Danner*, 963 S.W.2d at 635 (holding that it was not an abuse of discretion to

4

allow the victim to testify via closed circuit television because face-to-face arrangement would inhibit her testimony and cloud the jury's search for truth). Indeed, even after explaining that the trial judge, attorneys, and bailiff would be present, Francine expressed concern to her mother that Appellant would touch her if the two were in the courtroom together.

The aforementioned testimony that Francine was frightened by even the thought of seeing Appellant is sufficient to prove that Francine's trepidation goes beyond a *de minis* nervousness or "reluctance to testify." *See Kurtz*, 172 S.W.3d at 411 (sole testimony of children's mental health counselor was sufficient to support the trial court's finding of a compelling need); *Hardy v. Commonwealth*, 719 S.W.2d 727, 728-29 (Ky. 1986) (videotaped deposition was properly used at trial after psychologist and treating physician opined that it would be emotionally and psychologically detrimental to require a six-year-old victim to testify in person at trial). Furthermore, we believe the distress Francine may have endured if forced to testify in open court makes it extremely likely that her testimony would have been hindered. As a result, "and in the interest of presenting all evidence to the jury," we conclude that the trial court did not abuse its discretion in finding a compelling need. *See Danner*, 963 S.W.2d at 635.

For the aforementioned reasons, the Daviess Circuit Court's judgment is hereby affirmed.

All sitting. Minton, C.J.; Abramson, Barber, Cunningham, Keller, and Venters, JJ., concur. Noble, J., concurs in result only.

5

COUNSEL FOR APPELLANT:

Erin Hoffman Yang
Assistant Public Advocate


COUNSEL FOR APPELLEE:

Jack Conway
Attorney General of Kentucky

Nathan Todd Kolb
Assistant Attorney General of Kentucky