**UNITED STATES of America**

v.

**George William BOYLE, Jr., Appellant.**

**No. 16943.**

United States Court of Appeals Third Circuit.

Submitted on Briefs Sept. 16, 1968.

Decided Nov. 1, 1968.

Certiorari Denied March 24, 1969.

See 89 S.Ct. 1207.

George William Boyle, Jr., pro se.

B. Dennis O'Connor, Asst. U. S. Atty., David M. Satz, U. S. Atty., Newark, N. J., for appellee.

Before McLAUGHLIN, KALODNER, and ALDISERT, Circuit Judges.

OPINION OF THE COURT

PER CURIAM.

The jury returned a verdict of guilty against the defendant, George William Boyle, upon a three-count indictment charging him with causing "falsely made and forged" checks to be transported in interstate commerce, knowing them to have been falsely made and forged, in violation of 18 U.S.C.A. § 2314. He received a sentence of five years on each count, to run concurrently. This appeal followed.

Defendant here contends that he is entitled to a judgment of acquittal because in his view he was found guilty on circumstantial evidence which "gave rise to a number of reasonable hypotheses of innocence as well as the one indicating guilt."

He further contends that he is entitled to the minimum relief of a new trial because (1) he was prejudiced by a "plain error" remark by the Government's counsel in his closing argument to the jury, to which no objection was made; and (2) he was subjected to an illegal search and seizure at the time of his arrest.

758

■ On review of the trial record, we are of the opinion that the defendant's contention that he is entitled to a judgment of acquittal is wholly without merit. Government witnesses identified defendant as having cashed forged checks, and circumstantial evidence was adduced to show that he knew the checks were forged. Defendant labors under the misapprehension that where a verdict of guilty is based on circumstantial evidence its nature must be such as to exclude every reasonable hypothesis except that of guilt. In United States v. Giuliano, 263 F.2d 582 (3 Cir. 1959) where there was a similar misapprehension, we said (584):

> "The government relies solely on circumstantial evidence to sustain the convictions herein. * * * Although there may have been some doubt at an earlier date, it is now well settled that the evidence need not be inconsistent with every conclusion save that of guilt, provided it does establish a case from which the jury can find the defendant guilty beyond a reasonable doubt. * * * "

■ Viewing the evidence in the light most favorable to the Government, we are of the opinion that the jury's verdict is supported by substantial evidence, both on the score of the defendant's passing of the checks and the critical element of his knowledge that they were forged.

The defendant's contention that he is entitled to the minimum relief of a new trial because he was allegedly prejudiced by a remark made by the Government's counsel in his closing argument to the jury is without merit. The challenged remark cannot be said to be "plain error" "affecting substantial rights" of the defendant. Fed.R.Crim.P. 52(b).

The defendant's remaining contention that he was subjected to an illegal search and seizure at the time of his arrest and that he is for that reason entitled to a new trial is nothing less than specious. The Government's only physical evidence against the defendant at the trial consisted of the three cancelled forged checks passed by him, which it was established, were in the Government's possession prior to the alleged illegal search and seizure. No statements or admissions made by the defendant at that time or thereafter were introduced into evidence against him.

For the reasons stated, the Judgment of Sentence will be affirmed.