UNITED STATES of America, Plaintiff-Appellee,

v.

Vincent Michael RIZZO, Defendant-Appellant.

No. 17468.

United States Court of Appeals, Seventh Circuit.

May 20, 1970.

Robert S. Bailey, Harvey Powers, Chicago, Ill., for defendant-appellant.

Thomas A. Foran, U. S. Atty., Richard F. Sprague, Asst. U. S. Atty., Chicago, Ill., for plaintiff-appellee; John Peter Lulinski, Asst. U. S. Atty., of counsel.

Before SWYGERT, Chief Judge, HASTINGS, Senior Circuit Judge, and CUMMINGS, Circuit Judge.

PER CURIAM.

Defendant Vincent Michael Rizzo was charged in a three-count indictment for violations of Title 18, U.S.C.A. § 2314,[1] the interstate transportation of falsely made or forged securities. Following a bench trial, defendant was found and adjudged guilty on all three counts. He was sentenced to a term of four years on each count, the sentences to run concurrently. Defendant appeals from the judgment of conviction and sentence. We affirm.

The sole question presented on this appeal is whether the Government's evidence was sufficient to prove that the defendant knew the checks in question were falsely made when he negotiated (deposited) them.

Three checks are the subjects of the three indictments. Two other checks were introduced in evidence to show a common scheme or intent.

Viewing the evidence in the light most favorable to the Government, these salient facts appear to have been well established. Defendant opened three personal non-business checking accounts on December 13, 1966, May 27, 1967 and June 23, 1967 in banks in Downers Grove and Lisle, Illinois, all in close proximity to each other. Defendant thereafter deposited four checks, each made payable to himself, on May 20, June 3, July 6 and July 13, all in 1967. The four checks were all drawn on banks in California and Washington, made by fictitious makers on fictitious bank accounts. All were prepared on bank counter checks with the blank spaces filled in. These checks ranged in amount from $745 to $1956. There was expert testimony that the signatures of the issuers were written by the same person. The fifth check for $125 was similarly drawn on a Chicago bank on an account of defendant's acquaintance, Larry Odo, which account had been closed since 1958.

Defendant lived in the area during this time. It is admitted that the checks were forgeries, and four were of interstate character. Defendant admits opening the three checking accounts, endorsing the checks and depositing them in his accounts. His defense is that there was no proof that he knew the checks were bogus when he deposited them.

We have examined the record concerning each transaction. We need not recite it in detail. There is the obvious plan of defendant's operation, his drawing the checks on out-of-state banks, his seemingly ever present need for money, Odo's testimony as to defendant's forgery of his check, the expert and non-expert handwriting opinion testimony, defendant's false exculpatory statements to the FBI, the admitted bogus character of the checks and defendant's passing of them.

Viewing the record as a whole, we are left with the inescapable conclusion that the Government proved beyond all reasonable doubt that the defendant had guilty knowledge that the checks in question were falsely made when he deposited them. United States v. Boyle, 3 Cir., 402 F.2d 757 (1968), cert. den. 394 U.S. 934, 89 S.Ct. 1207, 22 L.Ed.2d 464 (1969).

For the foregoing reasons, the judgment of conviction and sentence will be affirmed.

Affirmed.

---

1. The relevant part of § 2314 reads: "* * * Whoever, with unlawful or fraudulent intent, transports in interstate or foreign commerce any falsely made, forged, altered, or counterfeited securities * * *, knowing the same to have been falsely made, forged, altered, or counterfeited * * * shall be fined not more than $10,000 or imprisoned not more than ten years, or both. * * *."