

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-22-2009

# USA v. Gerald Birnie

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-1944

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation
"USA v. Gerald Birnie" (2009). *2009 Decisions*. Paper 1503.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1503

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 08-1944

———————

UNITED STATES OF AMERICA

v.

GERALD BIRNIE,

Appellant

———————

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
District Court  No. 2-07-cr-00582-1
District Judge: The Honorable Norma L. Shapiro

———————

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
April 14, 2009

Before: McKEE, SMITH, *Circuit Judges*
and STEARNS, *District Judge**

(Filed: April 22, 2009)

———————

OPINION

———————

STEARNS, *District Judge*.

Gerald Birnie appeals from his conviction and sentence for an attempted theft from

———————

*The Honorable Richard G. Stearns, District Judge for the United States District Court for
Massachusetts, sitting by designation.

an Automated Teller Machine (ATM), in violation of the bank larceny statute, 18 U.S.C. § 2113(d).[1]  Birnie was convicted after a trial before a jury on November 27, 2007.  He was sentenced by the District Court to twenty-one months of imprisonment.[2]  This timely appeal followed.  Birnie assigns three errors.  First, he argues that the District Court erred in denying his motion to suppress evidence.  Next, he argues that the District Court erred in admitting into evidence a plea agreement in a previous case in which Birnie admitted to stealing from the same ATM.  Finally, Birnie argues that there was insufficient evidence to support the jury's finding of guilt.

On March 9, 2007, an anonymous caller alerted police to a burglary in progress at an ATM at Wachovia Bank in the 6400 block of Frankford Avenue in Philadelphia.  At the suppression hearing, Officer Christopher Lewis, an eighteen-year police veteran, testified that at 6:20 a.m., he received a "flash" radio call that a "white male, dark, hooded jacket, [was] breaking into the ATM machine."  Officer Lewis responded from a location two blocks away.  He arrived 30 seconds after receiving the report, driving on the wrong side of the street. The sun was rising and visibility was good.  There was little traffic on the street, and the only pedestrians in the area were clustered around a nearby bus stop.  Officer Lewis testified that he saw a white male (Birnie) in front of the bank who fit the description contained in the flash report.

Officer Lewis testified that as his patrol car came to a stop, Birnie stared fixedly in

---

[1]We have jurisdiction to hear the appeal under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

[2]The Court also imposed three years of supervised release, restitution in the amount of $3,897, and a special assessment of $100.

his direction. Officer Lewis exited his cruiser, put his hand on his gun, and approached Birnie, who appeared to be "a little nervous." Officer Lewis took Birnie by the arm and walked him towards the police car. As he did so, he conducted a quick pat-down search, removing a screwdriver and a pair of pliers from Birnie's jacket.

Officer Lewis asked Birnie to sit in the back of his police car. Birnie complied. After other officers arrived at the scene, Officer Lewis inspected the ATM. He observed that the ATM's plastic casing was cracked and pulled out, and that scratch marks were visible around the metal cash ejection slot.

At trial, the government introduced a bank surveillance video of Birnie loitering outside the bank, the jacket that he had been wearing when he was first seen by Officer Davis, the screwdriver and pliers seized from his jacket, the prior plea agreement, and evidence of the damage to the ATM. Birnie called his grandmother as a witness. She testified that she had given Birnie permission to use her ATM card that morning to withdraw cash to pay for lunch and cigarettes. At the close of the evidence, Birnie moved for a judgment of acquittal, arguing that the government had presented no direct evidence that he had tampered with the ATM. The Court denied the motion, ruling that the government had presented sufficient circumstantial evidence to support a finding of guilt.

1. The Motion to Suppress

Prior to trial, Birnie sought to suppress the incriminating tools taken from his person, arguing that there was no documentary evidence to corroborate Officer Lewis's testimony that the flash report had contained a description of a suspect, and without that description the

3

remaining facts did not support a finding of reasonable suspicion.[3] The District Court denied Birnie's motion to suppress, finding that the totality of the circumstances justified an investigative stop and pat-down search of his person.

We review the facts underlying the denial of a motion to suppress for clear error, and exercise plenary review over the District Court's legal conclusions. *United States v. Ramos*, 443 F.3d 304, 307 n.3 (3d Cir. 2006). The denial of a motion to suppress may be affirmed on any ground supported by the record. *United States v. Agnew*, 407 F.3d 193, 196 (3d Cir. 2005).

"The Fourth Amendment does not require a policeman who lacks the precise level of information necessary for probable cause to arrest to simply shrug his shoulders and allow a crime to occur or a criminal to escape. . . . A brief stop of a suspicious individual, in order to determine his identity or to maintain the status quo momentarily while obtaining more information, may be most reasonable in light of the facts known to the officer at the time." *Adams v. Williams*, 407 U.S. 143, 145-146 (1972). *See also United States v. Goodrich*, 450 F.3d 552, 558-559 (3d Cir. 2006), citing *Terry v. Ohio*, 392 U.S. 1, 30 (1968). Reasonable suspicion is a less exacting standard than probable cause. *Alabama v. White*, 496 U.S. 325, 330 (1990). "Based upon [the] whole picture the detaining officers must have a particularized and objective basis for suspecting the particular person stopped of criminal activity." *United States v. Cortez*, 449 U.S. 411, 417-418 (1981).

---

[3]The police log stated only that there was a "burglary in progress." Officer Lewis's handwritten report did not mention a physical description.

Facts and circumstances are to be judged in their entirety in determining the reasonableness of police conduct. In this regard, conduct that might be perceived as innocent by a casual onlooker may in the totality of the circumstances appear suspicious to a trained and experienced police officer. *United States v. Arvizu*, 534 U.S. 266, 273 (2002). "The test is one of reasonableness given the totality of the circumstances, which can include [a defendant's] location, a history of crime in the area, [a defendant's] nervous behavior and evasiveness, and [an officer's] common sense judgments and inferences about human behavior." *Johnson v. Campbell*, 332 F.3d 199, 206 (3d Cir. 2003).

If there is a reasonable basis for believing that a suspect poses a danger to police or to others, he may be "frisked" (patted down) for possible weapons. *Terry,* 392 U.S. at 27. "The purpose of this limited [*Terry*] search is not to discover evidence of crime, but to allow the officer to pursue his investigation without fear of violence . . . ." *Adams*, 407 U.S. at 146. To that end, the frisk may extend beneath a person's outerwear if the officer feels a suspicious object that could be a weapon. *Terry,* 392 U.S. at 22-25.

Contrary to Birnie's assertion, the District Court did not reject Officer Lewis's testimony regarding the description of a suspect in the flash report. Rather, the Court stated that

> there's some ambiguity in whether there actually was an identification of someone as a white male wearing a dark jacket with a hood. . . . I believe that the circumstances where it was, that it was a high crime area, that it was - - although you're entitled to walk the streets at 6 in the morning, and some people do so innocently, that certainly goes to the totality of the circumstances. The experienced officer saw him coming, saw him take special note of the police car, and was concerned for his safety. He had a right to stop him and ask him what he was doing. The guy said he's just walking. He didn't say he

5

was going to get money on his grandmother's ATM card, although he did have it with him.

App. 142. We discern no error in the ruling. Even without a physical description, the combination of Officer Lewis's extensive experience, Birnie's proximity to a reported crime in progress, the absence of other pedestrians in the area, Birnie's suspicious behavior in staring at Officer Lewis, and his visible apprehension at Officer Lewis's approach, gave rise to a reasonable suspicion that Birnie was involved in criminal activity. Moreover, given the nature of the reported crime, it was reasonable for Officer Lewis to believe that Birnie might have a weapon in his possession (or burglar's tools that could be wielded as weapons). We conclude that the District Court did not err in ruling that Officer Lewis had reasonable grounds to conduct an investigative stop and a pat-frisk of Birnie.

2. Evidence of Prior Acts

Next, Birnie argues that the District Court abused its discretion in permitting the government to introduce evidence of Birnie's conviction for burglarizing the same ATM seven years earlier. In a plea agreement in that case, Birnie admitted to prying open the ATM in January of 2000, and stealing $5,180 in cash. He also admitted to attempting a second theft from the same ATM on February 12, 2000. In addition to this conviction, the government sought to introduce evidence of fourteen other instances in which Birnie had been convicted of larceny. The District Court excluded these convictions as overly prejudicial.

As this Court has observed numerous times, "because the trial judge is present in the courtroom as the challenged evidence is offered, and is therefore 'in the best position to

6

assess the extent of the prejudice caused a party,' the trial judge must 'be given a very substantial discretion in 'balancing' probative value on the one hand and 'unfair prejudice' on the other.' For this reason, we review a district court's balancing analysis pursuant to Federal Rule 403 for an abuse of discretion, and accord great deference to the District Court's ultimate decision." *United States v. Universal Rehab. Svcs. (PA), Inc.*, 205 F.3d 657, 665 (3d Cir. 2000) (en banc) (citations omitted).

A trial court must weigh two issues when deciding whether to admit a prior conviction: "first, whether the conviction is logically relevant under Rules 404(b) and 402 to any issue other than the defendant's propensity to commit the crime [alleged]; [and] second, if relevant, whether under Rule 403 the probative value of the evidence outweighs its prejudicial effect." *United States v. Sampson*, 980 F.2d 883, 886 (3d Cir. 1992).

> Fed. R. Evid. 404(b) provides that
>
> [e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident . . . .

The Supreme Court has identified the following four guidelines for determining the admissibility of prior bad act evidence: "(1) the evidence must have a proper purpose under Rule 404(b); (2) it must be relevant under Rule 402; (3) its probative value must outweigh its prejudicial effect under Rule 403; and (4) the court must charge the jury to consider the evidence only for the limited purpose for which it is admitted." *Sampson*, 980 F.2d at 886 (citing *Huddleston v. United States*, 485 U.S. 681, 691-692 (1988)).

7

Over Birnie's objection, the District Court admitted the prior bank larceny conviction, finding that "[i]t's to show the plan, the intent, knowledge, absence of mistake or accident, and that he had the knowledge of how to do it, the knowledge that there was an ATM machine at the bank." The Court gave the jury a timely and emphatic limiting instruction. We find no abuse of the Court's discretion. In light of the fact that Birnie's prior conviction involved the same ATM, the evidence was probative of his familiarity with the premises, and his knowledge of how to carry out the robbery.

3. Sufficiency of the Evidence

Finally, Birnie argues that the evidence was insufficient to support his conviction where there was no direct evidence that he tampered with the ATM. In assessing the jury's verdict, "our scope of review is limited to examining whether there is sufficient evidence to support the verdict, drawing all reasonable inferences in favor of the verdict winner." *Le v. Univ. of Penn.*, 321 F.3d 403, 406 (3d Cir. 2003). *See also United States v. Brown*, 3 F.3d 673, 680-681 (3d Cir. 1993) (we consider the "evidence in the light most favorable to the government and affirm the judgment if there is substantial evidence from which any rational trier of fact could find guilt beyond a reasonable doubt.").

The evidence at trial amply supported the jury's verdict. It showed that Birnie was in the near vicinity of the bank immediately after the ATM was vandalized, that he was carrying concealed burglar's tools, that he was visibly apprehensive in Officer Lewis's presence, that he had earlier robbed the same bank, and that he had done so in a manner consistent with the markings observed by Officer Lewis on the ATM. While this may be

8

circumstantial evidence, it is evidence nonetheless: it is by now well-settled that a conviction may rest on circumstantial evidence alone. *United States v. Boyle*, 402 F.2d 757, 758 (3d Cir. 1968).

For the foregoing reasons, we will affirm Birnie's conviction.